FRANCES ZIGMAN, Plaintiff, *v.* MORRIS H. ZIGMAN, Defendant.

Supreme Court, Special Term, New York County, August 11, 1938.

*Saul Steinlauf*, for the plaintiff.

*Gladstone & Sachs*, for the defendant.

SCHMUCK, J.   These parties are man and wife living apart by virtue of a decree in an action for separation brought by the wife and in which the defendant counterclaimed for like relief.   The result of the trial was a complete vindication of the husband, the plaintiff's complaint being dismissed and his counterclaim being upheld.   By virtue of the decree the defendant was forever released from the obligation to support and maintain the plaintiff and only required to pay her five dollars weekly for the support and maintenance of their son.   She now institutes this action for divorce *a vinculo* and applies by this motion for alimony and counsel fee.   Particularly objectionable does the defendant find the plea for alimony both on factual and legal grounds.   He contends that plaintiff, having lost the right to conjugal support by reason of the decree in the separation action cannot revive it by an action for divorce.   He maintains that as a fact his earning capacity as a lawyer has been so materially affected by the stringency generally prevalent in the profession that it is with difficulty he is able to meet his obligation for the support of his son.   Accepting as valid his objection to any alimony allowance in this action as a matter

of law, it is needless to consider and determine what in light of his income and her need for support he should be assessed to pay. It would appear that both by express declaration and judicial interpretation plaintiff may not in view of the decree in the separation action, from which no appeal has been taken and which stands unmodified, demand the perquisite of support the same having been denied her. Chancellor KENT in *Barrere* v. *Barrere* (4 Johns. Ch. 187) considered the problem, and his criticism probably led to the enactment of section 1767 of the Code of Civil Procedure (now Civ. Prac. Act, § 1165), which requires the revocation of the separation decree before its effect can be avoided. (*Beeber* v. *Beeber*, 225 App. Div. 757.) The conclusiveness of a decree such as is here being considered is well set forth in *Schmalholz* v. *Schmalholz* (111 App. Div. 543), where in considering the effect of the fiat of the court as to alimony the following language is used: " This was the limit of the liability of the husband for the support of his wife while that judgment remained in force and the wife would have no claim upon the husband for support except as there provided."

For this reason the application for alimony is denied. With reference to counsel fee a different situation confronts the court. By virtue of section 1169 of the Civil Practice Act the court is empowered to grant a sum of money necessary to enable a wife to carry on or defend an action for separation or divorce. Since a husband legally separated from a wife is not authorized to commit adultery and as proof in divorce differs from that in a separation action, the need of counsel fee in each is self evident. Plaintiff is, therefore, awarded $150 as counsel fee to enable her to prosecute the present action for divorce. The said counsel fee will be paid in two equal installments, the first on September 1, 1938, and the balance when the cause first appears on the ready calendar.

Settle order.