MARVIN DICKENSON, Plaintiff, *v.* CORNELIA H. DICKENSON, Defendant.

Supreme Court, Equity Trial Term, Herkimer County, July 23, 1948.

*Richard B. Conley* for plaintiff.

*George G. Fiesinger* for defendant.

SEARL, J. The action is for absolute divorce. Before the trial of this cause, in an action brought by this defendant against her husband, this plaintiff, for separation, Mr. Justice ZOLLER, after a trial in Herkimer County, granted judgment on February 17, 1948, denying the wife a legal separation and granting custody of the infant son of the parties to the defendant husband.

The instant action for divorce was hotly contested and covered several days of testimony. Detectives took the stand for plaintiff. Defendant also testified. She admitted being in a parked car with the alleged corespondent at around 11:30 at night. She admitted kissing the corespondent several times while there, but denied that their relations exceeded the bounds of decency. Unfortunately for the young lady, the rule of inclination and opportunity must still be recognized by the court. Even though innocence is asserted, when parties subject themselves to the conditions aforesaid, complaint cannot be made if the court draws the inevitable conclusion.

The defendant asks for custody of her infant son Joseph. This issue of custody was tried in the separation case, decided only three months before the instant trial commenced. The justice hearing the issues therein involved granted custody to the husband with visitation to the wife. The proof in the instant trial certainly does not tend to enhance the wife's claim to the custody of the child. This court must let the judgment as rendered by Justice ZOLLER stand. If there is any inclination on the part of the wife to apply for custody, her proper remedy is to seek a modification of the former judgment.

Then we have to consider the application of the wife's attorney for counsel fees. The evidence seems to disclose that the wife is practically destitute. On the other hand, the husband is earning only a modest income. He found means, however, to expend some $250 for services of detectives. Attorney for the wife spent several days in the actual trial of the case and is entitled to at least some compensation in defending the honor of his client. The issues were close.

The cases cited by plaintiff in opposing the granting of counsel fees apply for the most part to counsel fees in separation cases. When the mother of a child is called upon to defend herself on a charge of adultery, a far different situation is presented. A defendant in a criminal case can demand and be granted the aid of counsel. No such opportunity is afforded where the name and reputation of a woman is at stake. Fairness demands that a husband meet this requirement. The court cannot foist the responsibility of passing upon this question upon the justice who heard the separation action. The issues are entirely distinct.

Section 1169 of the Civil Practice Act places this application in the discretion of the court. Distinction between an application in a divorce case as distinguished from counsel fees to be granted in an action for separation is pointed out in *Zigman* v. *Zigman* (169 Misc. 245). An order may enter granting defense counsel $200 to be paid within fifteen days from service of notice of entry thereof.

Findings and judgment for plaintiff as herein directed.