309 So.2d 107

**Arthur E. BURGESS, Jr.**

**v.**

**Faye Robertson BURGESS.**

**Civ. 378.**

Court of Civil Appeals of Alabama.

Dec. 11, 1974.

Rehearing Denied Jan. 8, 1975.

Frank M. Bainbridge, Birmingham, for appellant.

James M. Fullan, Jr., Birmingham, for appellee.

BRADLEY, Judge.

The appellee, Faye Robertson Burgess, filed a complaint in the Circuit Court of Jefferson County, Birmingham Division, seeking a divorce from the appellant, Arthur E. Burgess, Jr., on the grounds of incompatibility of temperament, irretrievable breakdown of the marriage, and physical cruelty with danger or apprehension of danger to life or health. The appellant answered by admitting the marriage and the existence of the family but denying the grounds for divorce. The trial before the court lasted for two days and at its conclusion was taken under advisement. Later a decree was rendered dissolving the bonds of matrimony without specifying grounds, awarding the house and furnishings to the wife free and clear of encumbrances, awarding $1,800 per month alimony, $700 per month child support for two children, educational benefits for the children, medical protection for wife and children, and attorney's fee for the wife's legal counsel in the amount of $30,000. The appellant filed a motion asking, along with other requests, that the trial court amend its decree by reducing the attorney's fee to $10,000. The trial court did amend its decree as it related to the award of attorney's fee, but only as it applied to the payment of the $30,000 fee. The appellant was permitted by the amended decree to pay the fee in four installments of $7,500 each every six months, rather than in a lump sum as had been previously decreed.

The appeal is from that portion of the decree awarding an attorney's fee in the amount of $30,000.

The one issue raised by the assignments of error is the excessiveness of the attorney's fee awarded the wife.

The evidence shows that the parties were married in 1942 and lived together until 1973. During that time they had five children, three of whom at the time of the divorce were minors, but only two of them were living at home.

After World War II the husband started working as a heavy equipment operator and over the years reached a point where he now owns about eighty percent of the stock of Burgess Mining and Construction Company.

The appellant's prosperity in the business world was reflected by a commensurate increase in the family's standard of living. As evidence of this, the appellant in 1965 built and furnished a twenty-five room house for them to live in, at a cost of $271,831.00. The house, lot and furnishings in February 1974 were valued at approximately $310,000. For the last seven or eight years of the marriage the husband gave the wife a monthly allowance of $1,500 for the operation of the house and incidental expenses.

The marriage almost from the beginning was, to put it mildly, not a happy one. The record is replete with instances of violence, the unbridled use of profanity, and a general atmosphere of friction and discord. A further disclosure of the intimate details of this broken marriage would serve no useful purpose. Suffice it to say that the evidence fully supports the allegations of the complaint.

The evidence shows that according to the appellant, his net worth was at least $1,500,000, and according to appellee, appellant's net worth was about $2,500,000.

Appellant's salary for the past three to four years was $75,000. In 1972 he received a bonus of $59,000 and in 1971 a bonus of $76,000. He did not receive a bonus in 1973 due to the corporation's financial condition. It was also shown that appellant owned a farm consisting of five hundred and nine acres, valued at $200 to $500 per acre, and a house situated thereon with a minimum valuation of $100,000.

Appellee's estate is essentially non-existent, i.e., at the time of the hearing on the divorce she owned a watch and ring and $850 in cash. For the past thirty-two years she had been a housewife and, as a consequence, had not acquired the necessary skills to obtain employment in the market place. Her efforts to obtain employment outside the home would be further hampered by her lack of formal education. Her health was reasonably good at the time of the hearing, although she had undergone surgery for a complete hysterectomy.

The lawyers for appellee testified that they had expended a total of about one hundred hours in the preparation and trial of the case. The testimony of three local attorneys was to the effect that the fair and reasonable value of the services rendered by appellee's lawyers would be between $40,000 and $116,000.

Appellant's argument in support of his contention that the attorney's fee awarded appellee's lawyers is excessive emphasizes the number of hours expended by the lawyers in prosecuting this case. He says only one hundred hours was involved, and to award $30,000 is to pay the lawyers at the rate of $300 per hour, which is an exorbitant amount.

Appellant also argues that undue emphasis was placed on the wealth of appellant in arriving at a reasonable attorney's fee for appellee's counsel.

Appellee in reply argues that much more is involved than just the hours expended or the wealth of the husband and his ability to pay, and cites us to the cases of King v. Keith, 257 Ala. 463, 60 So.2d 47; and Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591.

In King v. Keith, the following were deemed to be proper elements for consideration by the trial court in arriving at the value of legal services:

" . . . (1) the nature and value of the subject matter of the employment; (2) the learning, skill and labor requisite to the proper discharge of that employment; (3) time consumed; (4) the professional ability, experience and reputation of the attorney; (5) the weight of his responsibility; (6) the measure of success achieved; (7) the reasonable expenses incurred."

There was an additional statement in King v. Keith, *supra,* that the trial court in fixing attorney fees may, along with the opinion evidence of experts on the subject of fees, also call on its own knowledge and experience as to the worth of the services performed.

The supreme court in Stairs v. Stairs, *supra,* also said that the " . . . attorneys for the wife in a divorce action are entitled to a reasonable fee for their services commensurate with their labor and skill involved, the results of litigation and the earning capacity of the parties, . . . "

The general rule is that the amount of attorney's fee to be awarded always rests in the sound discretion of the trial court, Stairs v. Stairs, *supra,* and the trial court's judgment as to the amount of the attorney's fee will not be reversed by this court unless it be clearly shown that the discretion reposed in it has been abused.

After a careful examination of the record, we find that appellee's counsel were well-respected members of the Birmingham Bar, imminently qualified to represent appellee's interest, and were fully aware of the responsibility reposed in them. The measure of success achieved by

them in securing a satisfactory award of a portion of appellant's assets is self-evident, and is also indicative of the skill and labor invested in the proceeding by them. Further, the earning capacity of appellant was shown to be well above average and on such a level that a very generous award of attorney's fee would not be unreasonable. It is also shown by the uncontroverted testimony of three Birmingham lawyers that the reasonable value of the services rendered by appellee's lawyers were worth between $40,000 and $116,000. Giving due weight to the trial judge's intimate knowledge of the case and his assessment of the value of the services performed by appellee's lawyers, and considering all the above enumerated facets of the case, we are unable to say that the trial court abused its discretion in awarding $30,000 for appellee's attorneys.

Appellant calls to our attention several Alabama cases where the awards were lower than the one at bar. The case with the highest approved award was Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184. In that case, which was affirmed by the supreme court in 1950, the wife's attorneys received $10,000 at the trial court level and $2,500 at the appellate level. The undisputed expert opinion fixed the reasonable value of the legal services at between $10,000 and $15,000. The supreme court said that the trial court could consider, along with the expert opinion, its own opinion of the value of the services rendered by the attorneys.

The facts in the cited case also reveal that the wife received an alimony award of $400 per month even though she had a separate estate. But the supreme court said such estate was not sufficient to support her in the style to which she had become accustomed during her marriage. The estate of the husband was valued at $471,038.18 and his yearly income in the year of the divorce was $21,344.97.

Comparing the factual situation of the case at bar with that in *Steiner*, we see

that appellant here received a salary of $75,000 per year in the year of the divorce and his net worth was estimated to be between $1,500,000 and $2,500,000. The wife had no separate estate and no skills that would assist her in acquiring an estate large or small. Also, the undisputed expert legal opinion as to the worth of the services of appellee's lawyers ranged between $40,000 and $116,000.

We would observe that if $10,000 was a reasonable fee in 1950 based on the factual situation set out in *Steiner*, then a $30,000 fee in 1974 based on the factual situation extant in the case at bar does not suggest an abuse of discretion on the part of the trial court.

[3] Appellee has moved this court to award a fee for her attorney's services in defending this appeal. After a careful consideration of this request, and all factors appertaining thereto, we are of the opinion that the award in the trial court adequately compensates appellee's attorneys for the services rendered in that court and in this court. Motion denied.

Motion for additional attorney's fee denied.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.

## ON REHEARING

BRADLEY, Judge.

Appellant, in his application for a rehearing, points out that in the original opinion we said that he received a bonus of $59,000 in 1972 and a bonus of $76,000 in 1971. He says he did not receive bonuses from Burgess Mining and Construction Corporation during those two years.

Appellant's income tax returns introduced into evidence show that in 1972 he received a salary of $75,000 from Burgess Mining and Construction Corporation and income in the amount of $59,561 from other sources, and in 1971 he received approx-

imately $121,000 from Burgess Mining and Construction Company, Inc. and income of about $34,000 from other sources.

 In his rehearing brief appellant again argues very strenuously that he should not be required to pay the fee of an "unnecessary lawyer." He says that either one of appellee's lawyers was fully competent to represent her interests in this case. Therefore, he should not be required to pay for the services of more than one lawyer, whereas in the present posture of the case he is being required to pay for two lawyers. He does not, however, cite any Alabama cases as authority for his position.

We have not found any Alabama cases treating the question raised by appellant. The cases reviewed apparently were more concerned with what would be a reasonable amount of compensation for the wife's legal counsel rather than with the number of lawyers representing her.

In the case of Davis v. Davis, 255 Ala. 488, 51 So.2d 876, it appears that the wife was represented by more than one attorney, yet the factors that had to be considered in arriving at a reasonable fee for them were the same as those that would justify a reasonable fee for a single practitioner. Cf. Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591.

 Consequently we must conclude that the Alabama courts are much more concerned with what constitutes a reasonable attorney's fee than they are with the number of attorneys involved in the case. In other words, in arriving at a reasonable attorney's fee for the wife's legal counsel, the courts are to be concerned with " . . . the labor and skill involved, the results of the litigation and the earning capacity of the parties . . .," rather than the number of attorneys involved in her case.

We are not convinced that the amount awarded by the trial court as attorney's fee in this case should be altered merely be-

cause the appellee was represented by two competent lawyers rather than one competent lawyer.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.