319 So.2d 286

**Ruth S. CAPRA**

v.

**Charles Samuel CAPRA.**

**Civ. 527.**

Court of Civil Appeals of Alabama.

Sept. 17, 1975.

J. Louis Wilkinson, Birmingham, for appellant.

Claude E. Bankester, David P. Rogers, Jr., Birmingham, for appellee.

BRADLEY, Judge.

Ruth Capra, plaintiff-appellant, commenced this action by filing in the Circuit Court of the Tenth Judicial Circuit of Alabama a petition to modify a prior decree of divorce by increasing alimony and child support payments. The original divorce decree entered on July 25, 1969 incorporated an agreement between these parties which provided the plaintiff $100 per month alimony and $250 a month support for each of the two children of the marriage. In the petition to modify here on appeal, plaintiff requested an increase in alimony to $1,200 per month and an allowance of $500 per month child support. The trial court increased alimony to $200 per month and left the support for the child Michael at $250 per month, both figures appellant now attacks as arbitrary and insufficient. The trial court also took custody of the child Debra away from the plaintiff and awarded it to Debra's father, Dr. Charles Capra, the defendant-appellee. Appellant claims that this latter action of the trial court was unwarranted.

The Capras were married for fourteen years. Michael, now 20 years old, and Debra, 18, were the only children born during this marriage. Charles Capra attended pharmacy and medical school while married to appellant who worked to help support the family. At the end of Dr. Capra's internship, and immediately prior to his residency, the couple were divorced and the alimony and child support referred to above were awarded Mrs. Capra. At that time, 1969, Dr. Capra's income was about $1,500 per month. In 1973 Dr. Capra's income exceeded $70,000 per year. In 1969 Mrs. Capra, a real estate broker, earned about $10,000 on her own. In the years between 1969 and 1972 she had earned between $10,000 and $17,000 each year. In 1973 her federal income tax return reflected just over $2,000 income. In the first ten months of 1974 Mrs. Capra's income had increased to over $11,000. Also during 1973 and 1974 Mrs. Capra had a substantial increase in her net equity in real estate investments.

Appellant's first assignment of error is that the increase in alimony of $100 per month awarded by the trial court is a grossly insufficient sum. The matter of alimony is largely discretionary with the trial court, and where the evidence below was taken orally, as it was in this case, the determination will not be disturbed on appeal unless palpably wrong. See *Divorce*, Section 286, Alabama Digest. We are not prepared to say that the trial court was palpably in error on this issue. It is true that appellee's income has increased dramatically in the years since the original decree of divorce. This alone, however, is

not sufficient to justify a concomitant increase in periodic alimony. The original award of alimony is to be deemed appropriate unless the party seeking modification can demonstrate a substantial change in material circumstances. See *Divorce,* Section 245(2), Alabama Digest. The essential element in the determination of alimony is the wife's need; the magnitude of the husband's income, and fluctuations thereof, is material as it relates to his ability to respond to that need. However, the mere fact that the husband's ability to pay exceeds the amount necessary to satisfy the wife's need does not in and of itself warrant an increase in alimony payments to the wife.

■ In this case the trial court had before it extensive oral testimony relating to the assets, expenses, earning capacity, and business ability of the parties. It determined that changed circumstances warranted a $100 per month increase in alimony. Such a determination amounts to a finding that this was the extent of increase in appellant's real need. The evidence establishes that appellant is actively engaged in a profitable business, that she has shown a sizeable increase in net equity in her real estate investments, and that she is a healthy, industrious person possessed of considerable business ability. It was within the trial court's discretion to weigh these factors against the evidence of appellant's reduced taxable income and increased personal expenses. We find no error in the alimony modification decreed below.

■ Nor do we find merit in appellant's second assignment of error, which terms the trial court's failure to increase the child support payments for Michael Capra arbitrary. The controlling consideration in setting the amount of child support payments is the welfare of the child. In light of Michael's age, employment, and earnings, a refusal to modify the original decree of child support constitutes no error, and properly provides for his welfare.

Appellant's third assignment asserts the trial court erred by giving custody of Debra Capra to her father without any substantial evidence being adduced to warrant this change of custody.

■ The change in custody of the daughter was made by the court without a request therefor in the pleadings. However, such a request is no longer required to be made in the pleadings so long as there is sufficient support in the evidence for the court's decree. See Rules 54(c), 15(b) and 61, Alabama Rules of Civil Procedure. The guiding principle for the courts in custody cases is still the best interest of the child. And, if the evidence shows the best interest of the child will be served by a change in its custody, the pleadings will be deemed amended to conform to such evidence. *Awad v. Awad,* 54 Ala.App. 154, 306 So.2d 21.

■ Where a prior decree has been modified to effect a change in custody of a child, the presumption is that circumstances have sufficiently changed so as to warrant that action. There must be changed circumstances to authorize the modification of a custody decree, and the cited case does not eliminate this requirement.

In the case at bar, we are convinced that there is sufficient evidence of changed circumstances to authorize awarding custody of Debra to her father.

■ The evidence shows without dispute that the daughter, who was 18 years old at the time, moved out of her mother's house and established her own residence. None of the money being paid to the plaintiff by defendant was given to or used by the mother for the support of the daughter after she left her mother's house. The mother testified that she had not seen her daughter in four or five months and had talked to her only one time on the telephone.

From these facts the trial court could have easily concluded that the plaintiff had

forfeited her parental responsibility and that the daughter's welfare and best interests would be best served by changing custody to the father. We find no prejudicial error in such finding.

For the reasons given we affirm the trial court's decree.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.