HOLMES, Judge.
The Circuit Court of Jefferson County denied the wife’s petition to modify a decree of divorce. The wife appeals, contending the trial court abused its discretion in failing to increase awards to the wife and in failing to award an attorney’s fee to the wife’s attorney.
We find no abuse of discretion requiring reversal and affirm.
The pertinent facts reveal the following:
The parties were divorced in 1974. In the final decree of divorce, the wife was awarded a home, which was at the time of the divorce valued at over $300,000; $1,800 per month alimony; medical protection; certain other benefits; and her attorney was awarded a fee of $30,000.[1] Additionally, child support was awarded in the amount of $350 per month per child. Medical and educational benefits for the children were also awarded. This decree was appealed to this court by the husband and in 1975 we *178 affirmed. A detailed recitation of other facts not necessarily pertinent to this appeal may be found in Burgess v. Burgess, 54 Ala.App. 396, 309 So.2d 107 (1975).
Thereafter, in January, 1977, the wife filed the aforementioned petition to modify.
The matter was heard in April of 1977, with the result as indicated above.
The wife’s petition and evidence presented is bottomed on the premise that she has increased expenses since the divorce, owes money, and needs additional funds to repair the home. Furthermore, the husband’s net worth has increased and his yearly income has substantially increased.
We do not deem it necessary to set out in detail the financial “picture” of both parties.
It is clear to this court and apparently was to the trial court that the wife’s financial problems are related to a business venture she entered into after the rendition of the divorce decree and in attempting to maintain the home.
Specifically, the wife entered the antique business and lost money. The trial court could have found that this was in large measure due to her own business failing and lack of attention to the business. It is interesting to note that the husband loaned her money for the venture although he certainly was not required to. Additionally, the court could have found that an offer of $350,000 for the sale of the home, if accepted by the wife, would have alleviated most of her financial problems. We note this even though there was testimony that the home had a value in excess of $400,000.
We would be remiss in not noting that the evidence is without dispute that the husband’s net worth and yearly income has increased substantially.
Keeping in mind the previous decree and the pertinent facts as set out above, we believe the following, as stated by Judge Bradley of this court, in Capra v. Capra, 56 Ala.App. 90, 92-93, 319 So.2d 286, 288, is dispositive of this issue.
“The matter of alimony is largely discretionary with the trial court, and where the evidence below was taken orally, as it was in this case, the determination will not be disturbed on appeal unless palpably wrong. See Divorce Section 286, Alabama Digest. We are not prepared to say that the trial court was palpably in error on this issue. It is true that appel-lee’s income has increased dramatically in the years since the original decree of divorce. This alone, however, is not sufficient to justify a concomitant increase in periodic alimony. The original award of alimony is to be deemed appropriate unless the party seeking modification can demonstrate a substantial change in material circumstances. See Divorce, Section 245(2), Alabama Digest. The essential element in the determination of alimony is the wife’s need; the magnitude of the husband’s income, and fluctuations thereof, is material as it relates to his ability to respond to that need. However, the mere fact that the husband’s ability to pay exceeds the amount necessary to satisfy the wife’s need does not in and of itself warrant an increase in alimony payments to the wife.”
We find the trial court is not palpably wrong in refusing to modify this approximately two year old decree of divorce.
The award of an attorney’s fee to the wife rests within the sound discretion of the trial court. In view of the facts, as set out above and as found in this court’s prior opinion, we find no such abuse. See Burgess v. Burgess, supra.
In addition to the above, the wife urges reversible error regarding certain evi-dentiary rulings by the trial court. We do not deem it necessary to set these matters out in detail. We note that the wife did not set this matter out in great detail in brief. We deem it sufficient to state that any error committed by the trial court in this regard, if there be error, was harmless error. See Rule 61, ARCP.
The wife has requested of this court an award of an attorney’s fee for representa *179 tion on appeal. In view of the above, we do not believe an award to be appropriate. In declining to make an award, we should not be understood as reflecting on the performance of the wife’s attorney before this court. In fact, the attorney favored this court with an excellent brief and her oral presentation was, as always, of the highest quality.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J, and BRADLEY, J., concur.

. We note that the attorney awarded this fee does not represent the wife in this appeal nor did he represent her below.