The appellant-cross appellee, Cindy Keith Rosser, filed a complaint in the Circuit Court of Jefferson County, Birmingham Division, seeking a divorce from the appellee-cross appellant, Robert George Rosser. The wife's petition for divorce was brought on the grounds of incompatibility of temperament, irretrievable breakdown of the marriage and physical cruelty with danger (or apprehension of danger) to life or health. The husband filed a counterclaim alleging incompatibility of temperament, irretrievable breakdown of the marriage and adultery.
After the presentation of evidence by both parties the trial court rendered a decree dissolving the bonds of matrimony on the grounds of adultery. The husband was awarded custody of the couple's minor children; however, the wife received reasonable visitation privileges.[1] The decree further ordered the husband to pay the wife $1,500 as alimony in gross and another $32,000 as her share of the equity in the residence owned jointly by the two parties. The husband was also ordered to pay the wife's legal counsel the sum of $15,000 for services rendered in her behalf. The trial court subsequently modified that part of the decree which was related to visitation privileges and entered an order granting the wife the right of visitation with her children on alternate weekends, for a two week period each summer, and for a five day period each December.
The wife's appeal was dismissed at the request of her attorney. The cross appeal is from the portion of the trial court's decree awarding an attorney's fee in the amount of $15,000 and from the modified decree granting reasonable visitation of the children to the wife.
The first issue presented on appeal concerns the husband's contention that the trial court erred in awarding attorneys' fees to the wife. His argument with regard to this matter is two pronged: first, he claims that the wife forfeited her right to receive attorneys' fees by her misconduct; second, the husband maintains that the amount of the fee awarded was excessive.
The record before us reveals that the parties were married in the spring of 1972. They lived together until early fall of 1976. At the time of their divorce the husband was approximately forty years of age and the wife was approximately twenty-six years old. The husband is a physician specializing in colon-rectal surgery. Evidence at trial demonstrated his net worth to be approximately $500,000. In 1975 his gross income was $250,000. On the other hand, the wife performed the functions of a homemaker during the couple's marriage. The record indicates no other appreciable skills which would permit her to obtain employment outside the home. Nor is there any evidence that she is sufficiently skilled or educated to acquire a position which would produce the income necessary to pay the rather large attorneys' fees which were incurred in this case. Nonetheless, her health is good and in the past she has attended classes at Samford University in Birmingham.
Despite these facts, the husband contends that his wife is not entitled to the attorneys' fees which were awarded her because she openly admitted to several acts of fellatio during the couple's marriage. The law in Alabama and in other jurisdictions is to the effect that even in situations where a divorce is awarded to the husband on the grounds of his wife's adultery, attorneys' fees may nevertheless be awarded to the wife. Lunsford v. Lunsford, 232 Ala. 368, 168 So. 188 (1936);Coleman v. Coleman, 198 Ala. 225, 73 So. 473 (1916); Jaffe v.Jaffe, 74 App.D.C. 394, 124 F.2d 233 (1941); Foreman v.Foreman, 40 So.2d 560 (Fla. 1949); Ganzer v. Ganzer,110 Ill. App.2d 394, 249 N.E.2d 660 (1969); Nix v. Nix, *Page 720 253 Miss. 565, 176 So.2d 297 (1965); Keyes v. Keyes, 252 Miss. 138,171 So.2d 489 (1965); Dickenson v. Dickenson, 192 Misc. 635,81 N.Y.S.2d 294 (1948); Wendland v. Wendland, 29 Wis.2d 145,138 N.W.2d 185 (1965).
These decisions are based on a number of factors which must be considered in addition to the wife's misconduct. Paramount among these factors are: (1) the income of the husband and his financial ability to pay the counsel fees mandated; (2) the wife's ability to pay for legal representation; (3) the fact that issues such as a dispute over custody are intertwined with the suit for divorce; (4) the good faith of the wife in asserting her cause or presenting her defense; (5) the conduct of the husband; and finally, (6) the length of trial, the time required in its preparation and the services rendered by the attorney on behalf of his client.
In the instant case all these factors were present. The husband earns a substantial income as a surgeon while the wife does not possess the education or skill which would enable her to obtain the type of employment which might provide the income necessary to pay a $15,000 attorneys' fee. The husband's estate is valued at approximately $500,000. Conversely, the wife's estate is comparatively small; indeed, her only apparent assets are the $1,500 she received from her husband as alimony in gross and the $32,000 which represented the value of her interest in the couple's residence. Thus, it is clear that the husband is in a much better financial position than his wife to pay the attorneys' fees which were awarded by the trial court.[2]
In addition, the custody of the child produced as a result of the parties' marriage and that of the wife's child by a prior union was at issue and the dispute over which of the parties would obtain custody of these two young children was significantly intertwined with the divorce proceedings. In a similar vein, the husband accused his wife of numerous acts of adultery, some of which were substantiated, although most were not. Because of these accusations considerable effort was expended in defending the wife's name and reputation; the wife asserted her defense in good faith and fairness demanded that the husband provide her with counsel fees to defend herself against his numerous allegations. Nor was the conduct of the husband irreproachable, there being a great deal of testimony (though much of it was in sharp conflict) to the effect that he physically abused his wife. Finally, the trial lasted four days and the attorneys who represented the wife expended a cumulative total of approximately 180 hours in preparation of the matter.
Therefore, we cannot say that as a matter of law or equity that the wife was not entitled to receive reasonable attorneys' fees despite the fact that she was guilty of several acts of marital misconduct.
Moreover, we do not believe that the fee which was awarded in this case was excessive. Shortly before filing her suit for the divorce, the wife retained two attorneys at an hourly rate of $100.00.[3] Although both men eventually withdrew as her attorneys, the lawyer who represented the wife during the initial stages of the divorce proceedings (and who is the only one of the two who sought a fee in the matter) testified that he had expended a total of 56.9 hours on the case when circumstances forced him to withdraw. And the attorney who actually tried her petition for divorce stated at trial that he (or members of his firm) had spent approximately 120 hours in the preparation of the case. The trial itself lasted four days *Page 721 
and involved a considerable amount of pretrial discovery — particularly with regard to the husband's finances. Furthermore, two local attorneys testified that the fair and reasonable value of the services rendered by the wife's lawyers would be between $30,000 and $40,000.
Nevertheless, the husband's attorney argues that given the results obtained by the wife's lawyers and the duplication of effort which resulted when the wife's first attorney was forced to withdraw, the amount of $15,000 awarded by the court was excessive.
However, the factors relied upon by the husband are not the only factors for consideration in determining the amount of legal fees to be awarded. In arriving at the value of the legal services the trial court may properly consider the following: (1) the nature and value of the subject matter of employment; (2) the learning, skill and labor necessary to the proper discharge of that employment; (3) the time consumed on the matter in dispute; (4) the professional ability, experience and reputation of the party performing the services; (5) the weight of his responsibility; (6) the measure of success achieved; (7) any reasonable expenses incurred in the representation of a client; and (8) the fee customarily charged in the locality for similar legal services. ABA Code of ProfessionalResponsibility, DR 2-106 (B) (1972). Moreover, the trial court in determining a reasonable attorney's fee may, along with the opinion evidence of experts on the subject of fees, rely on its own knowledge and experience as to the value of the services performed. Burgess v. Burgess, 54 Ala. App. 396, 309 So.2d 107
(1974). Likewise, the earning capacity of the parties may also be deemed a matter for consideration in establishing the amount of money an attorney is entitled to for his services. Burgessv. Burgess, supra.
As a general rule the amount of attorney's fee to be awarded always rests within the sound discretion of the trial court and the court's judgment as to the amount of the attorney's fee will not be reversed by this court unless it is clearly shown that the trial court abused its discretion. Burgess v. Burgess,supra.
After a careful examination of the record before us, we find that the wife's counsel were highly regarded members of the Birmingham Bar, were eminently qualified to represent her interests and were fully aware of the responsibility they had undertaken. The pleadings, pretrial memoranda, and actual trial of the matter in question demonstrate the skill and effort invested in the proceeding by these men. Furthermore, the earning capacity of the husband was shown to be substantial, placing him in an income bracket at which level a very generous award of attorneys' fees would not be unreasonable. These facts, when viewed in conjunction with the trial court's intimate knowledge of the facts and his assessment of the value of the services performed by the wife's lawyers, prevent us from saying that the trial court abused its discretion in awarding $15,000 to the attorneys who represented the wife.
The second assignment of error raised on this appeal concerns the husband's claim that the trial court abused its discretion in awarding the wife visitation of the couple's child and her child by an earlier marriage.
The trial court is vested with broad discretion in determining the rights and responsibilities of the parties with respect to their children following a divorce. However, this discretion is subject to the requirement that the welfare and best interests of the children are to be protected. In the present case the husband contends that the acts of fellatio openly admitted to by the wife preclude her right as a mother to have custody of her children two weekends out of each month (and for brief periods during the summer and Christmas holidays). Yet an examination of the record provides no basis for a conclusion that either of these children knew of or were affected by their mother's indiscretions, or that their welfare and best interests would be materially served by denying their mother the right to see them. Moreover, there was no testimony that the mother was unfit or that she abused her children; indeed, *Page 722 
with the single exception of her husband, all the witnesses who testified with regard to this matter stated that the wife was a good mother.
Thus, we are not disposed to hold that the trial court demonstrably abused its discretion in permitting the wife reasonable visitation with her two minor children.
Therefore, both portions of the divorce decree challenged by the husband on this appeal are affirmed.
Appellant-cross appellee's request for award of an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The couple's marriage produced one child. However, the wife had another child by a previous marriage and the husband had three children as the result of a prior marital union. All five children were minors who were residing in the home of the parties at the time of the divorce. The portions of the decree which dealt with the wife's privilege of visitation applied only to the two children who were related to her by blood.
[2] In Lunsford v. Lunsford, 232 Ala. 368, 168 So. 188 (1936), the divorce was granted to the husband on the grounds of his wife's adultery. On appeal the trial court's award of attorney's fees to the wife was approved. The basis of the supreme court's decision was that the husband was very successful in conducting his farming operations and that he owned a large amount of land, while his adulterous wife (who lived with her father's family) and her family lacked sufficient funds to pay the attorney's fees which had been incurred.
[3] The fee arrangement did provide that in the event that the court awarded a fee to the wife to be paid by the husband, the attorneys would be entitled to only that amount.