The parties to this appeal were divorced as a result of a decree entered by the Circuit Court of Montgomery County on April 10, 1978. Under the terms of the decree the husband (appellant-cross-appellee, Charles M. Smith, III) was ordered to pay his former wife (appellee-cross-appellant, Gene Langham Smith) $1,500 a month in periodic alimony. The husband was also directed to provide $500 a month for the support of the couple's minor child. In addition, the wife received the family residence, a lake cabin and an automobile. The husband was ordered to pay off the debts incurred by the wife pending the divorce proceeding as well as the monthly mortgage installments due on the family residence. The husband was to continue to pay the monthly mortgage installments until the mortgage indebtedness was paid in full. The divorce decree further states that the husband must provide insurance coverage for his family. He is also required to furnish his ex-wife with periodic statements of his financial condition. The wife is to receive one-fourth of the net proceeds from the sale of the husband's interest in an apartment complex in the event he decides to sell the complex. Finally, the wife was awarded $20,024.47 for the services of her attorney in this matter.
From the above described decree the husband appeals. He argues that the amount of alimony awarded his former wife under the terms of the divorce decree was exorbitant. Furthermore, he complains that the attorney's fee accorded the wife was excessive. On the other hand, the wife has filed a cross-appeal claiming that the money, *Page 1237 
property and attorney's fee which she received as a result of the decree were inadequate.
In numerous instances we have held that in a divorce case the trial court may weigh a number of factors in ascertaining the amount of alimony to be awarded. While not an exhaustive list, such relevant factors are: the economic circumstances of both husband and wife; the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after their divorce; their ages, sex and health; the length of their marriage; the source (or sources) of their common property; and in appropriate situations, the conduct of the parties with reference to the cause of divorce. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184 (1950); Mitchell v. Mitchell, Ala.Civ.App.,351 So.2d 602 (1977); Hughes v. Hughes, Ala.Civ.App.,362 So.2d 910, cert. den. Ala., 362 So.2d 918 (1978).
In the present case the husband is a man of substantial wealth. His income tax returns indicate that he receives income from dividends, interest, real estate, rents and director's fees. He also receives a weekly salary from Capital City Laundry, which he owns. A personal financial statement dated March 10, 1977 showed the husband's net worth to be approximately 3.8 million dollars. Listed among his assets were stocks, securities and trust funds with a market value of $660,000, and various real estate holdings with an appraised value of $2,391,500. His adjusted gross income for the tax years of 1972, 1973, 1975 and 1976 was never less than $72,000. In 1974 his adjusted gross income was approximately $50,000. Despite several business setbacks which occurred after the financial statement of March 10, 1977, there was evidence presented at trial which would support the conclusion that the husband's net worth at the time of the parties' divorce was approximately 1.7 million dollars. Thus, it is obvious that as a result of the husband's wealth the parties enjoyed a high standard of living throughout their marriage. The husband's future prospects and potential for maintaining that standard are excellent due to the diversity and value of his financial holdings.
On the other hand, the wife's future prospects and potential for maintaining her former standard of living are not as bright as those of her ex-husband. The husband's interest in the family residence was vested in the wife. She will receive $18,000 a year from her former husband and he is obligated to pay off many of her outstanding debts. In addition, he is required to provide her with $500 a month for the support of their minor child, as well as make the mortgage payments on the home. He must also furnish adequate medical insurance for his family and has agreed to pay the college expenses of both the minor child and an adult son who is already enrolled at Auburn University. Finally, the wife is entitled to receive one-fourth of the net proceeds if the husband and his partners sell a large apartment complex which they own.
Both parties are in their mid-forties and, with the exception of a drinking problem on the part of the husband, in reasonably good health. The husband is well-versed in financial matters and certainly capable of continuing to work. The wife has two and one-half years of college and was employed during the early years of the marriage as a bank teller. However, she has not worked in a number of years. Nor can we ascertain any appreciable skills which would enable her to obtain the employment necessary to produce an income commensurate with the standard of living to which she is accustomed.
The parties were married approximately twenty-four years. During this time the husband was the primary source of the family's income and property. The wife, however, contributed significantly to the family unit by performing the functions of homemaker and by caring for the couple's four children.
Finally, with the exception of the fact that she dated other men during a period some twenty-four years ago when the parties were initially married in a secret ceremony, the wife's conduct throughout the *Page 1238 
marriage has been irreproachable. Conversely, both the husband and the woman who was his lover admitted to at least one act of adultery. Furthermore, there was evidence that the husband physically abused the wife on one occasion and that he was habitually intoxicated.
Under the ore tenus rule and its attendant presumptions the appellate courts of this state will not disturb the judgment of a lower court on appeal. However, in those instances where the record before the appellate court discloses that the trial court's discretion in a matter was plainly and palpably abused, the ore tenus rule does not prevail. Based on an examination of the circumstances of the parties involved in this case and the various factors relevant thereto, we are persuaded that the trial court abused its discretion in the division of the parties' property. Succinctly stated, we find that the trial court failed to award the wife a sufficient amount of the husband's property.
Although the husband claims that the monthly payment of alimony and child support equals the amount he earns from his only source of income, i.e. a salary from Capital City Laundry, there was a plethora of evidence presented to refute his claim. Moreover, a contention similar to that made by the husband in this case was rejected by this court in Hughes v. Hughes.
Accordingly, it is our judgment that the amount of alimony and division of property made by the trial court is not excessive. Instead, we hold that the property awarded to the wife was inadequate.
The record reveals that the husband's income for 1977 was approximately $47,500. This income was derived from the salary he received from Capital City Laundry; from the termination of a profit-sharing trust and pension plan; and from the net income of Troy Laundry, of which he owns 81.60%. Not included in the 1977 income were the amounts received by the husband as a result of the sale of four pieces of business property. In addition, the husband owns substantial amounts of real property. For instance, his interest in a large apartment complex was valued between $817,614 and $1,750,000. He has an interest in a number of real estate developments in the Montgomery area and at Gulf Shores, Alabama. He is the majority stockholder in a company which owns a small shopping center valued at approximately $275,000. The husband also owns, either individually or as a partner, a significant amount of rental property. Based on real estate appraisals as well as a consideration of the husband's actual interest in various property, a certified public accountant testified that the real estate holdings of the husband had a fair market value of almost 1.7 million dollars. Moreover, the testimony reviewed by this court demonstrates the husband's net worth to be between $826,000 and $1,800,000. Despite these facts, the wife received as her portion of the property division, property which was roughly valued at $150,000. Using the figure most favorable to the husband regarding his net worth, the $150,000 awarded the wife in terms of a property division represented only eighteen percent of the husband's total estate. We feel that in view of the circumstances of the parties — particularly the husband's misconduct, his wealth and the possibility that his rather severe drinking problem may in the future destroy his ability to pay the wife periodic alimony — a property division of between twenty and fifty percent of the husband's estate is justified. Accordingly, we believe the wife should receive, in addition to the awards above discussed, an amount of $250,000 as alimony in gross; this award is to be in lieu of the contingent interest in the proceeds from the sale of the large apartment complex known as Burke Leigh which was awarded her in paragraph fifteen of the trial court's decree. This amount may be paid by the husband in one lump sum or in installments over the next five years.
Turning our attention to the contentions of the parties regarding the amount of attorney's fees accorded to the wife by the trial court, we find no error. At trial a local attorney testified that after reviewing the time spent by the wife's *Page 1239 
counsel on this matter it was his (the local attorney's) expert opinion that a minimum attorney's fee of $15,000 to $20,000 should be awarded. In addition to the opinion evidence of this expert, the trial judge was entitled to use his own knowledge and experience in determining the value of the services performed. In view of these considerations, as well as the factors discussed more fully in Rosser v. Rosser, Ala.Civ.App.,355 So.2d 717 (1977), cert. den. Ala., 355 So.2d 722 (1978) andBurgess v. Burgess, 54 Ala. App. 396, 309 So.2d 107 (1974), we cannot say that the trial court abused its discretion in the amount of attorney's fee awarded. It is a well established principle that the amount of an attorney's fee to be awarded rests within the sound discretion of the trial court and the court will not be reversed on appeal unless it is clearly shown that it has abused the discretion vested in it. Rosser v.Rosser; Burgess v. Burgess.
Finally, we hold that the refusal of the trial court to accept the supplemental brief submitted by the wife's lawyer after the divorce hearing had ended was not reversible error. The Alabama Rules of Civil Procedure do not require that a trial court consider briefs submitted either prior to, or at the termination of, proceedings on a particular matter. While trial briefs are certainly helpful in ascertaining the issues for consideration and the contentions of the parties, a trial court is under no compulsion to accept such briefs. The willingness of the court to receive trial briefs is a matter purely within its own discretion and its refusal to allow the submission of such briefs is not sufficient to sustain a reversal of the trial court's judgment.
Paragraph fifteen of the trial court's decree awarding the wife a contingent interest in the proceeds from the sale of the husband's one-fourth interest in Burke Leigh apartments is reversed, and in its place the trial court will enter an award to the wife of $250,000 as alimony in gross. It will be provided that this sum may be paid within ninety days of the decree, or in installments over the next five years. In the event that the husband elects to pay the $250,000 in installments, the trial court is to direct that the installments shall equal at least $50,000 each year. In order to protect the wife's judgment, the trial court shall fix an appropriate lien upon the husband's interest in various properties. This lien is to be made in favor of the wife and shall exist until the judgment is paid in full. All other. portions of the trial court's decree are affirmed. The trial court will enter judgment in accordance with this opinion.
The wife has petitioned this court to award her a reasonable amount of money as an attorney's fee for the representation which she received on this appeal. After due reflection, we consider $2,500 to be a reasonable amount for the services of the wife's attorney on this appeal and do hereby award that amount to her as an attorney's fee.
ATTORNEY'S FEE AWARDED.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., concurs.
HOLMES, J., not sitting.