PER CURIAM.
This is a divorce case. The only issue on appeal is whether the attorney’s fee awarded to the wife’s attorney is so excessive as to constitute an abuse of discretion and palpable error on the part of the trial court.
No official transcript of the evidence taken ore tenus is available, and the case is offered for review upon a statement of evidence pursuant to Rule 10(e), A.R.A.P.
The cause arose under the following pertinent facts:
The parties herein were married for approximately seven years, and two sons were born of the marriage. The couple separated in February 1981, and the husband filed a complaint for divorce. The wife answered and counterclaimed for child custody, property division, alimony, attorney’s fees and temporary relief pendente lite. Although the grounds averred in both pleadings were incompatibility of temperament and irretrievable breakdown of marriage, the husband admittedly had committed adultery with various women. The evidence showed that the husband earned $48,-000 per year as a salesman and was a college graduate. The wife was a high school graduate and had not worked during the marriage. This was the husband’s second marriage, but the wife’s first.
The trial court awarded custody of the minor sons to the wife with specific visitation in the father. He was ordered to pay support of $200 per month per child, and to keep in force medical insurance for the children. Periodic alimony was set at $100 per month. The only real property involved— the residence — was awarded to the husband, but the wife was given use and possession of the home until the youngest child reaches nineteen or marries. The husband was made responsible for repairs and upkeep. The wife received the car she was driving, and was charged with paying the indebtedness thereon, as well as most of the household furniture and appliances. The husband was ordered to pay all other outstanding debts, court costs, and $8,000 for the wife’s attorney’s fee. During the hearing of testimony, the wife’s attorney was prepared to offer evidence as to attorney’s fees, but the trial court declined to hear it. Opposing counsel commented that he would be satisfied with an award of a reasonable fee.
Post-judgment motions as to attorney’s fees were denied. From the court’s award of attorney’s fees, the husband appeals. His contention is that the attorney’s fee is excessive and constitutes an abuse of discretion.
We realize that the amount of attorney’s fees to be awarded is a matter vested in the trial court’s discretion. However, that discretion is judicial, not arbitrary and is subject to review on appeal. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283 (1970). The factors to be considered in determining the attorney’s fee are numerous and were given great consideration and treatment by both parties in brief. See, Rosser v. Rosser, 355 So.2d 717 (Ala.Civ.App.1977), cert. denied, 355 So.2d 722 (Ala.1978); Burgess v. Burgess, 54 Ala.App. 396, 309 So.2d 107 (1974), cert. denied, 293 Ala. 748, 309 So.2d 111 (1975).
Our review is not on a complete transcript of evidence, but a 10(e) statement of evidence. However, we have before us the clerk’s record revealing the extent of pleadings and procedure. The statement of evidence and briefs also enumerate the pleadings filed by Mrs. Williams’ attorney and the court appearances made by her counsel. We have the undisputed evidence of the husband’s income and assets and the results of the efforts of the wife’s counsel. The cause for the breakdown of the marriage was admitted. We also have available to us our experience and knowledge of current awards in similar cases. In refusing evidence of matters affecting an award in this particular case, it appears that the trial judge had no more basis for judgment than does this court.
*156 Our consideration brings the conclusion that the award of a fee of $8,000, without evidence in the record of circumstances unusual to this case, is so unreasonable as to constitute an abuse of discretion. It seems especially unreasonable when placed alongside the award of child support and alimony. The attorney fee is $2,000 greater than the sum of child support and alimony for an entire year. In the absence of record support for such an award, this court cannot approve it as a proper exercise of judicial discretion. We therefore reverse the judgment below as to such award and remand for taking of testimony as to a reasonable attorney fee to be awarded.
REVERSED AND REMANDED.
All the Judges concur.