Wife appeals from the Jefferson Circuit Court's order denying her request for modification of a previous award of periodic alimony.
The husband, Glenn Griffin, and the wife, Geneva Griffin, were divorced on August 25, 1978. The trial court provided in the divorce decree that the husband pay the wife $500 a month as periodic alimony. The wife was awarded use and possession of the parties' homeplace, but the court reserved jurisdiction over the home "for such future orders as shall be meet and proper."
On May 15, 1984 the trial court entered an order directing that the parties' homeplace be sold and that the wife receive sixty percent of the proceeds from said sale and the husband receive forty percent from the proceeds of said sale.
The husband filed a petition on August 21, 1984 to modify the divorce decree, requesting that the trial court eliminate the periodic alimony. He alleged in his petition that the wife was gainfully employed and no longer needed periodic alimony. The wife answered, denying that she was gainfully employed, and filed a counterclaim. She requested in her counterclaim that the trial court increase her award of periodic alimony because her monthly living expenses had increased since the divorce decree and the husband's earnings had increased substantially since the decree.
The trial court rendered a decree on April 18, 1985 denying both the husband's and the wife's requests for modification of periodic alimony. The wife appeals to this court, contending that the trial court abused its discretion in failing to increase periodic alimony payments to her.
Periodic alimony may be modified when there has been a material change in the circumstances of the parties. The burden of proving a material change in circumstances sufficient to warrant modification of a prior decree of divorce is on the party seeking the modification. Jenkins v. Jenkins,406 So.2d 976 (Ala.Civ.App. 1981). The decision as to whether to modify periodic alimony lies within the discretion of the trial court, and we will not reverse the court's judgment unless there was such an abuse of discretion as to render the judgment palpably wrong. Garthright v. Garthright, 456 So.2d 825 (Ala.Civ.App. 1984). We review the trial court's judgment with a presumption of correctness since it heard the testimony of the witnesses.Mims v. Mims, 442 So.2d 102 (Ala.Civ.App. 1983).
The wife testified that she was not employed at the time of the parties' divorce. She now works at a major department store where she has been employed since November 1978. Her total earnings in 1984 from this job were approximately $6,800. She earns $500 a month from this job and receives $500 a month in periodic alimony. She also receives $350 a month in child support for the parties' daughter, Jane Griffin. The wife claims that her monthly expenses have increased since the time of the parties' divorce. She estimated that her monthly living expenses range from $1,200 to $1,300, up from $872 a month in 1979.
The husband is employed as vice president of finance at Bruno's, Inc. He earned $44,000 in 1978, the year of the parties' divorce. His income has steadily increased over the years. He earned $51,000 in 1979, $59,000 in 1980, $68,000 in 1981, $73,000 in 1982, $84,000 in 1983, and $96,000 in 1984. He also owns several shares of stock with a net worth of $200,000. He testified that his monthly take-home pay is $5,000. He has remarried and his present wife has two children, one of whom is in college. The husband estimated that his monthly living expenses were $4,900. He contended that despite his increased earnings he was financially unable to pay the $500 monthly *Page 1285 
periodic alimony to the wife, much less pay an increase.
The factors considered in an alimony modification proceeding include "the wife's financial status and needs, the needs of dependent children, and the husband's financial ability to respond to those needs." May v. May, 441 So.2d 945
(Ala.Civ.App. 1983). The wife asserts that the trial court should have granted her an increase in periodic alimony because her monthly living expenses have increased.
As stated earlier, the wife earns approximately $500 a month from her employer and receives $500 a month from her husband. She received $15,000 from the sale of the parties' homeplace in 1984. She used some of this money to pay bills and placed $10,000 in a money market account. She receives dividends from some shares of Bruno stock that she was awarded in the divorce decree. She has $2,000 in an IRA account. The wife expressed no difficulty in paying her monthly bills. The trial court apparently considered the above evidence in determining that the wife did not need an increase in alimony in order to meet her monthly expenses.
The wife also asserts that the husband's income and investments have increased over the years and that the husband has the ability to pay an increased amount of alimony. We have stated, however, that an increase in the husband's income is not sufficient, in and of itself, to justify a concomitant increase in periodic alimony to the wife. Campbell v. Campbell,426 So.2d 848 (Ala.Civ.App. 1983); Burgess v. Burgess,356 So.2d 177 (Ala.Civ.App. 1978); Capra v. Capra, 56 Ala. App. 90,319 So.2d 286 (1975). We note, too, that the husband has considerable expenses of his own and that he had requested that the wife's periodic alimony be terminated.
We find that the evidence in the record supports the trial court's decision to not increase the wife's periodic alimony and that such a decision was not an abuse of the trial court's discretion. We, therefore, affirm the order of the trial court.
Wife's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.