INGRAM, Judge.
The parties were divorced in 1983, after less than two years of marriage. Pursuant to a settlement agreement, the husband was to pay to the wife $1,000 per month as maintenance.
In June 1986, the wife filed a petition for rule nisi, and in February 1987, the court entered a judgment against the husband for $28,000. In May 1987, the wife again filed a rule nisi and further filed a petition to modify.
After an ore tenus hearing, the trial court found that the prior order of February 1987 had not been satisfied by the husband and that there was an additional arrearage of $10,000. The court then found the husband to be in contempt of court. As concerns the modification petition, the trial court modified the amount the husband was to pay from $1,000 to $1,500 per month. From this order concerning modification, the husband appeals.
The dispositive issue on appeal is whether the wife met her burden of proving a change in circumstances sufficient to warrant modification.
It is well settled that periodic alimony may be modified when there has been a material change in circumstances of the parties. Griffin v. Griffin, 479 So.2d 1283 (Ala. Civ. App. 1985). The burden of proving this change is on the moving party and the decision to modify lies within the discretion of the trial court. Griffin. This court will not reverse the trial court’s judgment unless there was such an abuse of discretion as to render the judgment palpably wrong. Griffin.
Here, the wife proved that the husband had received a significant increase in income. In fact, the record reveals that from the time of divorce until now, the husband’s salary has increased almost eleven- *681 fold to approximately $550,000 annually. The wife also testified that she had a decrease in income and had suffered extreme financial hardship since the divorce. The wife testified that she lost all of her personal possessions in 1984 in a house fire. Further, she testified that she had incurred expenses for repair of her car, as well as expenses for doctor bills. The record reveals that the wife is presently attending college and working ten hours a week, earning only $3.85 per hour.
We find that the evidence in the record supports the trial court’s decision to modify the amount of maintenance to $1,500. The record adequately reflects that the wife has suffered a decrease in income and an increase in debt since the end of her marriage. Therefore, in view of the above, as well as the presumption of correctness accorded the trial court, we affirm the decision of the trial court.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.