Ralph R. Boudreaux and Paula A. Boudreaux were divorced in 1972. Pursuant to a settlement agreement, Mr. Boudreaux was to pay Mrs. Boudreaux $150 per month as alimony.
In 1982, Mr. Boudreaux filed a petition to reduce the amount of alimony payable to Mrs. Boudreaux. The petition was filed on the basis that Mrs. Boudreaux was employed full time and self-supporting. The trial court reduced the amount of periodic alimony to $25 per month.
In 1988, Mrs. Boudreaux filed a petition to increase the alimony payments. Her request was premised on the fact that she was unemployed and in poor health. Mr. Boudreaux cross-petitioned, asking the court to terminate alimony payments. Following an ore tenus proceeding, the trial court modified the amount of alimony Mr. Boudreaux was to pay from $25 to $250 per month and ordered that Mr. Boudreaux pay attorney's fees in the sum of approximately $1,400. Mr. Boudreaux appeals.
 I.
Initially, Mr. Boudreaux asserts that the trial court erred in increasing the amount of alimony payable to Mrs. Boudreaux.
Periodic alimony may be modified when there has been a material change in circumstances of the parties. Hall v. Hall,531 So.2d 680 (Ala.Civ.App. 1988). The burden of proving a material change in circumstances is upon the moving party. Bellv. Bell, 443 So.2d 1258 (Ala.Civ.App. 1983). The trial court must consider the financial needs of the wife and the financial ability of the husband to respond to the wife's needs when determining whether there has been a change in circumstances.Thomas v. Thomas, 532 So.2d 1043 (Ala.Civ.App. 1988). The decision to modify lies within the discretion of the trial court and will not be reversed unless there is an abuse of discretion such as to render the judgment palpably wrong. Hall,supra.
The record reflects that Mrs. Boudreaux is 53 years old. She suffers from diabetes and, in 1986, was involved in a serious automobile accident, sustaining a broken knee and ankle. At the time of the hearing, she stated that arthritis had set in and her doctor was advising another operation. Mrs. Boudreaux testified that she was employed full time by the Huntsville Hospital until April 1988, at which time she quit. She testified that she quit her job because of health reasons and family problems. At the time of the hearing, she was employed by Sam's Wholesale Club on a part-time basis, earning $5.50 an hour. She was also employed by the Madison County School System as a substitute, earning minimum wage for irregular hours. Mrs. Boudreaux testified that she was looking for full-time employment.
Mr. Boudreaux is 48 years old. He remarried in 1972 and has two children from that marriage. At the time of the divorce, Mr. Boudreaux was employed by the United States Army, making approximately $6,000 to $7,000 per year. He has since retired from the Army and receives retirement benefits. In 1984, Mr. Boudreaux earned a college degree and has significantly increased his earnings. He reports his monthly take-home pay to be approximately $2,800.
The record reflects that Mrs. Boudreaux has suffered a decrease in earnings and an increase in debts, while Mr. Boudreaux's income has significantly increased. Applying the attendant presumptions to the circumstances of this case, we do not find the increase in the monthly alimony payments *Page 1032 
to be an abuse of the trial court's discretion.
 II.
Mr. Boudreaux asserts that the trial court abused its discretion in awarding an attorney's fee to Mrs. Boudreaux's attorney. His assertion is without merit.
The award of attorney's fees is available in modification proceedings. Bell v. Bell, supra. The award of attorney's fees and the determination of the amount to be paid are matters within the discretion of the trial court and will not be reversed except for abuse of that discretion. Chandler v.Chandler, 501 So.2d 1234 (Ala.Civ.App. 1987). Here, since the trial court properly modified the alimony payments, it had the discretion to make an award of attorney's fees. We find no error.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.