RUSSELL, Judge.
The parties were divorced by order of the court dated February 25, 1985. Incorporated into the decree was an agreement that the husband pay alimony in the amount of $150 per month and that the wife be given custody of the parties’ minor daughter.
Custody was transferred to the husband by order of the court dated June 19, 1986, and the trial court concomitantly increased the husband’s alimony obligation to $290 per month.
In March 1987, the parties entered into another settlement agreement, providing that the marital home be sold and that the husband’s arrearage be satisfied out of the proceeds from that sale. Furthermore, the husband acknowledged his continuing obligation to make monthly alimony payments. That agreement was approved by the trial court on April 3, 1987.
On March 23, 1989, the trial court found the husband to be in contempt for his willful failure to pay periodic alimony. A judgment was entered in favor of the wife in the amount of $5,512.03, plus costs. The trial court further ordered that the husband be incarcerated until such time as he satisfied the amount of the arrearage. Subsequently, the trial court stayed its order upon the husband’s motion, which alleged that he had filed for bankruptcy and that he was without the present ability to purge himself of the contempt. We note that no reviewable issues are raised on appeal regarding this initial finding of contempt.
On June 29, 1989, the wife filed a second contempt petition, alleging that the bankruptcy court entered an order lifting the stay as to alimony payments accruing after May 4, 1989. On September 19, 1989, the trial court found the husband to be in arrears in the amount of $1,450 and again ordered that he be incarcerated until purging himself of contempt by paying this amount to the wife.
Subsequently, the husband petitioned the trial court for a hearing regarding his ability to pay the arrearage determined in the trial court’s order of March 23, 1989, and *1153 seeking a modification of alimony. The husband was incarcerated on October 5, 1989, but was released the following day on a petition for a writ of habeas corpus. In that petition, the husband alleged that he was without the present ability to purge himself of the contempt and that the trial court was without jurisdiction to enter such an order due to lack of personal service.
Subsequently, a hearing was conducted on the husband’s alleged inability to pay and on the issue of modification. The trial court entered an order dated December 11, 1989, again finding the husband in contempt and ordering that he pay $50 per month toward the arrearage. Furthermore, the trial court modified the two earlier contempt orders by deleting the terms by which the husband could purge himself of the findings of contempt.
The husband filed a motion for reconsideration, which was denied by the trial court on January 8, 1990. He now appeals. We affirm in part and reverse in part.
Initially, we note that the proper mechanism for review by this court of a finding of contempt is by writ of certiorari and not by appeal. Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App.1983). However, since this action also involves an appeal from the trial court’s denial of a petition to modify a provision of alimony, we will address the husband’s challenge to the trial court’s findings of contempt.
As regards the findings of contempt, we note that several of the husband's issues address the trial court’s contempt order of September 19, 1989. The husband first asserts that there was a lack of service of process in that contempt proceeding and, therefore, that the trial court was without jurisdiction to enter its finding and to award the wife an attorney’s fee based on that finding. We agree. .
The record reveals that the register of the circuit court filed a notice of failure of service of process upon the husband of the wife’s petition for contempt. Service was attempted at the husband’s last known place of business. Rule 4(c)(1), Alabama Rules of Civil Procedure, provides that service of process upon an individual is had “by serving the individual.” Because no service of process was made upon the husband, the trial court was without jurisdiction to find him in contempt. Bunbury v. Bunbury, 553 So.2d 612 (Ala.Civ.App.1989). Therefore, we find that the trial court’s order of September 19, 1989, is due to be reversed.
The husband also challenges the trial court’s order of December 11, 1989, which again found him in contempt and ordered that he pay $50 per month toward the arrearage. He asserts that the trial court erred in failing to grant his petition to modify the amount of alimony he must pay.
We note that the obligation to pay periodic alimony may be modified when there has been a material change in the financial or economic needs of the payee spouse and the ability of the payor spouse to respond to those needs. Boudreaux v. Boudreaux, 550 So.2d 1030 (Ala.Civ.App.1989). The burden of proving a material change in circumstances is upon the moving party. Id. Furthermore, a decision to modify alimony lies in the discretion of the trial court and will not be set aside on appeal unless a palpable abuse of that discretion is shown. Thomas v. Thomas, 532 So.2d 1043 (Ala.Civ.App.1988).
The record reveals that the husband’s income was approximately $250 per week at the time of the requested modification. On cross-examination, the husband testified that his salary from his former position had been $253 per week and that, since the date of the last hearing, there had been no real change in his income. Furthermore, he estimated his monthly living expenses to be approximately $690. Finally, he offered no evidence to demonstrate a decrease in the economic needs of the wife. Therefore, we find that the trial court did not abuse its discretion in denying the husband’s petition for modification.
The husband’s remaining issue challenges the trial court’s failure to grant his post-trial motion to reconsider its order of December 11, 1989. We note, however, that the husband has offered no support *1154 for this contention. Such failure leaves this court with no other alternative than to affirm the trial court’s judgment with respect to this issue. Rule 28, Alabama Rules of Appellate Procedure; Perry v. Garner, 550 So.2d 435 (Ala.Civ.App.1989).
In view of the above, this case is due to be affirmed in part, reversed in part, and remanded with instructions for the trial court to enter an order consistent with this opinion.
The wife has requested an attorney’s fee for representation on appeal. That request is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.