Austin Pritchett, Jr. was incarcerated in the Pike county jail pursuant to a contempt citation handed down by the Pike County Circuit Court.
The appellant's incarceration was the result of his failure to comply with the trial court's decree ordering him to pay back alimony and attorney fees in the amount of $968.00, plus court costs.
The appellant subsequently petitioned the trial court for a writ of habeas corpus contending that he was unable to purge himself of contempt of the court because of financial inability. The trial court denied the appellant's petition after a hearing. This appeal followed.
The only issue presented by this appeal is whether the appellant is financially able to purge himself of contempt of court.
The law in Alabama is settled that imprisonment for contempt should never be imposed by a judge where the failure to pay alimony, etc. is not from contumacy, but from inability to comply with the order. Muery v. Muery, 46 Ala. App. 617,247 So.2d 123, cert. den., 287 Ala. 737, 247 So.2d 128 (1971).
The testimony in the trial court indicated that the appellant's sole assets consisted of two vehicles and some plumbing tools. The two vehicles are a 1972 Oldsmobile and a 1970 van truck. The appellant testified that the Oldsmobile was in good condition and was worth between $1,000 and $1,200. He also testified that the van truck was in fair condition and valued at about $700. The van truck had been purchased for $1,500 only six months earlier. The appellant stated that his only other asset consisted of some plumbing tools purchased for about $500.
The appellant further testified that the Oldsmobile and his plumbing tools were subject to a note in the amount of $2,200 held by an uncle, Edward Fillingim, as mortgagor. The appellant previously paid $500 on the note so that a $1,700 balance is owed. He stated that Mr. Fillingim also has a note on his van truck in the amount *Page 617 
of $500 which has not been paid. The appellant testified that the notes held by Mr. Fillingim had not been recorded and that Fillingim had not demanded payment of the indebtedness.
The former wife testified that the appellant owned two other vehicles: a green van and a black van. The appellant stated that the two vehicles were owned by his son, and that he had no interest in either of the vans.
The appellant testified that he was unable to purge himself of contempt of court because of numerous outstanding debts. He stated that he owed the Small Business Administration $47,000 on a previous loan. He testified that Montgomery Ward had a judgment against him in the amount of $1,312.00 and that he owed numerous other debts.
The appellant admitted that he had received an inheritance from his grandmother in the amount of $6,500 approximately three months prior to the habeas corpus hearing. He testified that he had used the entire inheritance to pay debts incurred by him and his wife. He stated that he had no money in the bank and had only $12 in cash.
The appellant contends that he is unable to pay the $968.00 in back alimony, attorney fees, and court costs and, therefore, should be released from custody. We agree.
The evidence shows that the few assets owned by appellant are encumbered by notes, mortgages, judgments and liens greatly in excess of the value of those assets. Consequently, we conclude that appellant is unable to pay the back alimony and attorney fees and, therefore, cannot purge himself of the contempt. The judgment of the trial court is reversed and the cause is remanded for entry of judgment releasing appellant from custody.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.