This is a petition for writ of certiorari for review of, and an appeal from, a final order of the Circuit Court of Dallas County, Alabama, finding the petitioner-appellant, Thomas A. Talbert, in civil contempt for failure to pay certain sums required to be paid to the appellee, Doris B. Talbert, by final decree of divorce of the parties and orders entered by the court subsequent thereto.
The main issue on appeal is whether there was any legal evidence to support the trial court's finding that appellant had the present ability to purge himself of a civil contempt. *Page 241 
The parties were divorced by the Circuit Court of Dallas County on August 30, 1979. On March 25, 1980, Mrs. Talbert filed a petition alleging that Talbert had not complied with the terms and provisions of the final divorce decree requiring payment of certain sums of money. On April 27, 1981, the court found Talbert in contempt but suspended the order until May 7, 1981, at which time Talbert was to show cause why the order should not have been placed in effect and to advise the court as to what concrete steps had been taken to put Mr. Talbert's construction corporation back on a sound footing. (The corporation had been suffering financially due to a general decline in the construction industry and poor management. The court felt that the only way to get Mrs. Talbert her money was to put the business back on its feet.)
The May 7, 1981, hearing apparently resulted in the judge's satisfaction that the contempt order should not be placed in effect because he issued a modification of the divorce decree,[1]
reducing alimony and child support payments from $2,000 per month to $1,600 per month. However, the court ordered Talbert to pay a certain sum of money outstanding on a mortgage liability pursuant to the original divorce decree.
Mrs. Talbert filed a motion January 28, 1982, to enforce the court order of May 7, 1981. A hearing was held on February 23, 1982. The evidence established that Talbert had not fully complied with previous orders and owed thereunder over $14,000. Talbert introduced extensive evidence of his and his corporation's financial condition and events occurring since the hearing in April of 1981. The record reveals that he had no material assets or source of income other than the corporation. The bank had obtained a judgment of nearly $300,000 against the corporation and had seized corporate property with a lease back agreement. An accountant had audited his personal and corporate accounts and was supervising disbursements. Since the last hearing in April 1981, Talbert had received salary from the corporation in the sum of $24,000, of which approximately one-half had been expended to the benefit of the former wife and children. There was evidence of income of the husband in prior years.
The law in Alabama is well settled that imprisonment for contempt should never be imposed by a judge where the failure to pay alimony, etc., is not from contumacy, but from inability to comply with the order. Pritchett v. State, Ala.Civ.App.,379 So.2d 616 (1980). Although one may be guilty of contempt, for failing to comply with a judgment for payment of alimony, imprisonment, as a means of coercing payment, may not be imposed if there is shown a present inability to pay. See Mueryv. Muery, 46 Ala. App. 617, 247 So.2d 123, cert. denied,287 Ala. 737, 247 So.2d 128 (1971).
The facts, even as stated in the order of the court, indicate Talbert is without a present ability to purge the contempt found by the trial judge. The conclusion of the court that because of substantial income in years prior to failure to pay, Talbert should presently retain enough to purge a contempt, is not sufficient to support indefinite imprisonment.
We do not decide whether the evidence supports the finding of contempt. That finding was first made in May 1981, and no appeal was taken. We do hold that the evidence does not sufficiently support imprisonment until payment is made. The commitment to jail until contempt is purged must be set aside. We pretermit other claims of error.
This court is well aware of the feeling of frustration felt by a trial judge when his/her judgments are not complied with in domestic relations cases. This is especially so where there is a judgment based upon an agreement of the parties. We are equally aware that entering judgment and enforcing it are too often separate and unequal problems. *Page 242 
The order of commitment to jail is ordered set aside.
AFFIRMED IN PART: REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.
[1] Although no formal written order was entered by the trial court, trial transcripts of that hearing and undisputed facts placed in the record at subsequent hearings by the court and both parties reveal the contents of that modification.