This case involves post divorce proceedings.
William Thomas Uhls (appellant) and Linda Ann Uhls (appellee) were divorced August 11, 1986 by a decree of the Jefferson County Circuit Court that incorporated an agreement between the parties which included awarding custody of the two minor children to the appellee, provisions for child support and alimony, and appellant's obligation to make certain house payments.
On February 2, 1987 appellee filed a petition for a rule nisi, alleging that appellant was in arrears in alimony and child support. Appellant denied the allegations and filed a petition to modify the divorce decree by reducing the required monthly support obligations. The appellant claimed his income had decreased far below the income on which the divorce decree was based and that he was unable to continue the support as provided in the original decree. *Page 1067 
On July 7, 1987, after an ore tenus proceeding, the trial court issued an order finding appellant in arrears and entering a judgment in favor of appellee for the arrearage in the total amount of $4,637. The trial court then modified the divorce decree, lowering the amount of life insurance that appellant was required to carry, denying reduction of child support, reducing alimony, awarding an attorney's fee to appellee, and taxing costs against appellant. The appellant appealed that order but later moved to dismiss his appeal.
On February 18, 1988 appellant filed a second petition to modify, again requesting reduction in support payments. He alleged a substantial change in circumstances in that he was unemployed and he had received no income since October 9, 1987. The appellee filed a cross-petition for rule nisi due to appellant's failure to comply with the divorce decree and the modification as it related to monthly support payments. Appellant counter-petitioned for a rule nisi alleging that appellee had not complied with certain provisions of the final divorce decree dealing with the marital home and its contents.
After an ore tenus proceeding the trial court issued a final order on October 26, 1988. The trial court found the appellant in arrears in alimony, child support, and house payments, and ordered payment of such to the appellee. The appellee was ordered to comply with the original divorce decree regarding the division of household furnishings and personal effects. Additionally, the appellant was found in contempt for failure to comply with previous orders. The trial court ordered the appellant incarcerated in the Jefferson County Jail until he purged himself of the contempt by performance of certain conditions which included paying the arrearages, keeping current in support payments, and adhering to all orders of the court. Further, the appellant was ordered to pay $2,500 attorney's fees for appellee and court costs, and a compliance hearing was set for January 11, 1989. Subsequently, the trial court amended that order by suspending incarceration until January 11, 1989 to allow appellant to purge himself. Following the compliance hearing on January 11, the trial court found that appellant had not purged himself of contempt and ordered him incarcerated. This appeal followed. Appellant's motion to stay the order of incarceration was granted conditioned on approval of an appearance bond. The bond was approved and appellant is now free awaiting the disposition of this appeal.
Three issues are presented for review: (1) whether the trial court abused its discretion in refusing to grant the petition for modification; (2) whether the petition to modify should have been granted retroactively; (3) whether it was proper for the trial court to incarcerate the appellant upon a finding of contempt.
 I.
Appellant first argues that the trial court abused its discretion by refusing to modify the earlier orders and reduce support payments because his earnings had substantially decreased since the entry of those orders.
At the outset, we note that alimony and child support, and subsequent modifications of same, are matters that rest soundly within the trial court's discretion. Such matters will not be disturbed on appeal absent an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985);Mullins v. Mullins, 475 So.2d 578 Ala. Civ. App. 1985).
The appellant contends that he has had such a material change in circumstances that the amount of support he is currently ordered to pay has the effect of "crippling" him financially. He asserts that his financial condition has worsened and claims to be unemployed.
Evidence was before the trial court that the appellant had remarried and had filed for bankruptcy since the divorce. There was evidence before the court that appellant placed ownership of stock previously owned by him in a nephew, since appellant could not personally own the stock due to *Page 1068 
his bankruptcy; that appellant's nephew later transferred the stock to appellant's current wife, who sold it; and that the receipts were spent for family debts and purchases.
There was evidence that the appellant clearly has the ability to earn and that he may be receiving more benefits than he claims. In fact, the evidence indicated that the appellant has substantial assets that are now in his current wife's name. The record clearly supports the trial court's refusal to grant appellant's petition for modification a second time.
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit.Brannon, supra. Therefore, that part of the order denying reduction of support payments is due to be affirmed.
 II.
Having found that the trial court did not abuse its discretion in refusing to grant the petition of modification, we pretermit the second issue.
 III.
The final issue is whether it was proper for the trial court to incarcerate the appellant upon a finding of contempt.
Appellant urges that his failure to comply with the divorce decree and the modification is due to his inability to pay rather than contumacy. Appellant contends that he has proven his inability to pay and that incarceration for contempt under these facts is improper.
In addressing this issue, we acknowledge that an appeal is not the proper method to review contempt when the contemner is not incarcerated. The proper review is by certiorari, and we choose to treat this appeal, as concerns the contempt citation, as a petition for writ of certiorari. Roe v. Roe,487 So.2d 1372 (Ala.Civ.App. 1986).
"In a contempt case this court has a limited scope of review and must affirm the trial court if there is any legal evidence to support its finding. Citicorp Person to Person FinancialCenter, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App. 1982)." Roe, supra, at 1374.
The appellant correctly asserts that incarceration for contempt cannot be imposed for failure to pay support if that failure is due to inability to pay. Ex parte Talbert,419 So.2d 240 (Ala.Civ.App. 1982).
The record reflects that after the divorce and appellant's remarriage, he conducted his business and corporate ownership through his nephew and new wife. The record reflects large amounts of cash deposits to his present wife's bank accounts ($156,692.00 from March 25, 1988 through June 3, 1988 in a corporate account, and $69,317.32 from September 1987 through June 1988 in a personal account) during which time appellant paid no alimony or child support. Large checks were cashed by appellant's present wife that could not be accounted for. Appellant and present wife purchased a house, making a $17,000 down payment, bought new furniture from Bryant's Antiques, and made many other large cash transactions too numerous to detail here.
In view of the record we are of the opinion that the trial court properly found the appellant had the ability to pay and that incarceration for contempt for failure to pay was within the sound discretion of the trial court. "The basic purpose of contempt proceedings is to secure prompt compliance to court orders and judgments." Jim Walter Resources Inc. v.International Union, UMWA, 609 F.2d 165 (5th Cir. 1980).
Finding no errors as to the issues raised, we affirm.
The appellee's request for attorney's fee on this appeal is granted in the amount of $750.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur. *Page 1069