This case presents for review the validity of the judgment holding the husband in contempt for failure to pay periodic alimony and the order denying his request for modification of alimony.
Joe Morgan and Dimple June Morgan were divorced on March 22, 1989 by the Circuit Court of Mobile County, Alabama. The husband was ordered to pay the former wife $800 per week and an additional $25,000 annually for four years. The husband was also ordered to maintain a health insurance policy and two life insurance policies for the wife's benefit. At the time of the divorce the husband was earning about $1,200 per week.
On October 16, 1989 the husband filed a petition for modification of the periodic alimony payments. He asserted that his company, Joe Morgan, Inc., had bankrupted and that his total income had decreased to $1,195.40 per month.
The wife filed an answer to the modification petition and also filed a petition for the rule nisi. In her rule nisi petition, the wife alleged that the husband's alimony payments were $5,600 in arrears, that she had no proof that the premiums on the life insurance policies were being paid, and that the husband had allowed the medical-hospital policy to lapse because of nonpayment of premiums.
After a hearing on these matters, the trial court denied husband's alimony modification request on December 14, 1990. The trial court then held the husband in contempt of court for failure to pay alimony and maintain the health insurance policy in force. The husband was ordered to pay $5,000 for unpaid medical bills resulting from the lapsed health policy, to pay any future medical bills not covered by insurance policies, and to pay $77,800 for past-due alimony payments. The trial court ordered the husband committed to jail until he could purge himself of contempt by paying the $77,800 to the clerk's office. The husband asked for a stay of the jail sentence pending a review by habeas corpus. The stay was granted on December 20, 1990 subject to the posting of bond. On that same day, the husband petitioned this court for review of his contempt citation and the denial of modification. The husband also asked this court for a stay of his incarceration during the pendency of his appeal. This court granted the stay conditioned upon a $3,000 bond. The record does not show that the husband paid the *Page 1149 
bond required by the trial court; however, the husband did post the $3,000 required by this court and he was subsequently released from jail.
The husband first contends that the trial court erred in finding him in contempt and committing him to jail until he could purge himself by paying the required arrearage.
Appeal is not the proper method of review of a contempt order. When a contemnor is not incarcerated at the time of the requested review, the proper method of review of a contempt order is by the writ of certiorari. Uhls v. Uhls,551 So.2d 1065 (Ala.Civ.App. 1989). In the present case the contemnor was not in jail when he sought review; therefore, we will treat his appeal as a request for the writ of certiorari. Uhls.
In a contempt case the weight and sufficiency of the evidence are not considerations for the appellate court; only questions of law are presented by review. Consequently, if there is any evidence to support the contempt order, it must be affirmed.Ex parte Powers, 523 So.2d 429 (Ala.Civ.App. 1988). The husband correctly points out that if he can present evidence that his failure to pay is not due to contumacy but to inability to pay, the burden shifts to the wife to prove beyond a reasonable doubt that he can pay the ordered amount of alimony. Ex parte Powers.
The pertinent facts show that at the time of the divorce the husband's salary from Joe Morgan, Inc. was $1,200 per week. When the petition to modify was filed in October 1989, Joe Morgan, Inc. was in bankruptcy. The husband testified that his salary was terminated when the corporation bankrupted, leaving him only $1,195.40 per month in income from Social Security and a small pension.
The record indicates that from May through July 1989 approximately $60,000 was transferred from Joe Morgan, Inc. to a company named HCI of Florida. HCI of Florida was owned by the husband's new wife. The record also reflects that during the months of September and October 1989, the husband and his new wife deposited $45,713.95 in a joint checking account maintained at Central Bank of the South. The record shows that in the early part of 1990, the husband's new wife maintained a checking account in a Florida bank on which the husband was authorized to write checks. There is also evidence that in February 1990 the husband and his new wife maintained about $12,000 in an account with the Bank of Lucedale, Mississippi. The husband does not presently maintain a bank account with his new wife.
The evidence clearly indicates that, from the spring of 1989 until the end of 1989, the husband stopped paying alimony to his former wife. It also appears that during this period the husband had monies available to him from which he could have paid the wife at least some of the alimony due her. He did not do so; thus he created a considerable arrearage. However, the record shows that from May 1990 to the date of the hearing in December 1990 the husband had only his pension income and Social Security from which to pay the arrearage. The husband thus presented evidence at trial which showed that he was then unable to pay the $77,800 necessary to purge himself from contempt.
The burden then shifted to the wife to prove beyond a reasonable doubt that he did have the financial means available to so purge himself. The wife did not present any facts to dispute the husband's evidence; thus she failed to sustain her burden of proof.
This court is not unsympathetic with the frustration experienced by the trial courts when their orders in domestic cases are not obeyed. However, we also recognize, as does the trial court, that entering a judgment and enforcing it are often two separate and unequal problems. Here, since the husband is presently unable to purge himself of the contempt, the contempt order must be set aside. Ex parte Powers.
The other issue raised by the husband is the denial of his petition for modification of the alimony award.
An award of periodic alimony may be modified when the evidence reveals *Page 1150 
a change in the circumstances of the parties. Boudreaux v.Boudreaux, 550 So.2d 1030 (Ala.Civ.App. 1989). The moving party has the burden of proving a material change in circumstances. Boudreaux. The trial court has the discretion to modify an alimony decree upon a showing of changed circumstances, and its judgment will not be set aside unless an abuse of discretion is shown. Boudreaux.
The evidence noted above indicates that a material change has occurred in the husband's financial circumstances. At the time of the divorce the husband's salary was $1,200 per week. From May 1990 until the date of the hearing in December 1990, the husband's income was $1,195 per month. The husband offered evidence to show that this change in fortune is both genuine and permanent. The wife offered no evidence to the contrary. It thus follows that the husband has met his burden of proving a material change in his circumstances since the divorce decree.
We would observe that, although the husband has met his burden of proving changed circumstances, the modification of a prior divorce is still within the discretion of the trial court. Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App. 1985). The trial court's exercise of that discretion will not be overturned unless it clearly appears that the court exercised its discretion in an arbitrary and unjust manner. Mullins.
In reviewing the evidence in this case, we conclude that the husband cannot continue to pay periodic alimony of $800 per week and $25,000 per year for four years while earning an income of only $1,195 per month. Consequently, we must find that the trial court's decree denying the modification request is arbitrary and unjust.
The decree of the trial court holding the husband in contempt and ordering him incarcerated and denying his petition for alimony modification is reversed and the cause is remanded for the trial court to reexamine the former wife's present financial needs in light of the husband's present financial ability to respond to those needs.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.