The parties were divorced in February 1990. The final decree incorporated an agreement of the parties that, among other things, provided for "jointly" vested legal custody and weekly alternating, "fifty-fifty," physical custody of their two minor children; provided that the father pay $1,500 per month as child support; and effected a division of marital property.
In October 1990 the mother filed a petition for clarification, enforcement, and modification of the divorce decree. In response to that petition the trial court ordered that the father pay all indebtedness as originally agreed, determined that there was a child support arrearage in the amount of $700, and determined that there was an additional debt arrearage in the amount of $900. The father was ordered to pay those amounts within thirty days from the date of the order. Modification was denied.
In May 1992 the mother filed a petition for contempt and for modification of custody. *Page 1032 
She requested that the father be incarcerated, that a judgment on the arrearage be entered, and that the legal custody of the children be awarded to her. The father filed an answer and counter-petitioned for primary custody of the minor children and a decrease in his child support obligation.
In December 1992, after ore tenus proceedings, the trial court ordered that the legal custody of the two minor children "remain vested jointly in both parents; however, the primary physical custody shall be vested in the mother with the father being granted visitation each weekend. . . ." The court further ordered that the father, "if he so desires, is hereby granted summer visitation [with the minor children] from the Monday following the release from school until the Friday [one] week before school resumes." The mother was awarded specific visitation during that period of time. The court also ordered that child support be reduced to the amount of $880 per month, excepting those summer months where the father chose to exercise visitation as provided. During those months, child support was to be reduced to the amount of $660 per month.
The court determined that there was a child support arrearage in the amount of $4,991. It found the father guilty of eight counts of contempt and ordered that he be incarcerated for five days on each count. The sentence was suspended upon payment of the arrearage within fifteen days of the date of the order. The court also determined that there was a debt obligation arrearage in the amount of $13,847. It found the father guilty of four additional counts of contempt and ordered that he be incarcerated for five days on each count. That sentence was also suspended upon payment of the debts within fifteen days of the date of the order. Judgment in the amount of $18,838, representing the total arrearage amount, was entered in favor of the mother. That judgment was stayed for fifteen days following the order. The father's post-judgment motions were denied. A bench warrant was issued for his arrest. He appeals. He is not incarcerated at this time.
The father presents three issues on appeal. Initially, he asserts that the trial court erred in finding him to be in contempt and in ordering incarceration based upon those findings. He insists that his failure to pay is due to an inability to pay and not to contumacy.
The review by certiorari of contempt judgments no longer applies. The review is by appeal. Rule 33.6(b), A.R.Crim.P. The standard of our review is the presumption of the correctness of the judgment of the trial court when evidence was presented orally (ore tenus rule).
The father correctly states that if he can present evidence that his failure to abide by the decree is due to his inability to pay, rather than to his contumacy, the burden shifts to the mother to prove beyond reasonable doubt that he can pay the ordered amount. Morgan v. Morgan, 582 So.2d 1147
(Ala.Civ.App. 1991).
The record is replete with evidence supporting the trial court's findings of contempt. There is ample evidence contained within the record to indicate that the father has the means to pay the obligations as agreed and ordered in the divorce decree and that he simply chooses not to do so. Clearly, the trial court had doubts concerning the father's credibility, and we cannot say that the trial court abused its discretion in its finding of contempt. Additionally, we find no abuse or excess in the ordered imprisonment. Norland v. Tanner, 563 So.2d 1055
(Ala.Civ.App. 1990).
The father also asserts that the trial court erred in its determination to modify custody. He insists that the best interests of the minor children would be served if he were awarded their primary legal and physical custody.
Custody modification is a matter within the discretion of the trial court. When such cases are presented to the trial court ore tenus, its judgment is presumed to be correct and will not be altered absent an abuse of discretion or a showing of plain and palpable error. Wesson v. Wesson, 507 So.2d 536
(Ala.Civ.App. 1987). Generally, the party seeking to modify a prior custodial decree bears the stringent burden of proving that *Page 1033 
the proposed change in custody will "materially promote" the children's best interests and welfare. The benefits of moving the children must outweigh the traumatic effects caused by the uprooting of the children from their present custodian. Exparte McLendon, 455 So.2d 863 (Ala. 1984). Where there is no prior order granting exclusive physical custody to one parent, however, the McLendon standard is not applicable. Ex parteCouch, 521 So.2d 987 (Ala. 1988). If exclusive physical custody has not been awarded to one parent, the "best interests and welfare" of the children standard applies. Couch; Scott v.Scott, 563 So.2d 1044 (Ala.Civ.App. 1990).
In the instant case, it was originally agreed that the care, custody, and control of the two minor children be "vested jointly in the parents with the parents splitting the physical custody of the children on a fifty-fifty (50-50) basis. . . ." The record reveals that, since the divorce decree was entered in February 1990, the parties have consistently adhered to a custody schedule, wherein custody of the minor children alternates weekly. Clearly, neither party was awarded exclusive physical custody of the children, and the "best interests and welfare" of the children is the proper standard of review.
A complete recitation of the evidence presented is not necessary. It is sufficient to say that the voluminous record contains substantial positive testimony and negative testimony pertaining to each party. When a custody award is made after an ore tenus hearing, this court will presume that the trial court correctly applied its discretionary authority to adjudge the children's best interests. The trial court is in the best position to see and hear the witnesses, and if the decree is supported by credible evidence, it is our duty to affirm.Cole v. Cole, 442 So.2d 120 (Ala.Civ.App. 1983). Upon a thorough review of the record, we find that the trial court properly exercised its discretion in making its custody determination.
The father's final assertion is that the trial court erred in its calculation of child support. He contends that the proper calculation would result in a greater reduction of his child support obligation.
The father cites no authority to support this contention. The mother, however, cites specific record evidence and supporting authority to justify the trial court's calculation. When a litigant fails to support his argument with proper authority, we have no choice but to affirm. Harris v. Harris,528 So.2d 866 (Ala.Civ.App. 1988); Rule 28(a)(5) A.R.A.P.
The mother's request for attorney fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.