This case involves the denial of a petition for a writ of habeas corpus.
This court affirmed a ruling by the trial court holding Oscar Newman, Jr., in criminal contempt for his willful failure to pay court-ordered support. Newman v. State, 623 So.2d 1171
(Ala.Civ.App. 1993). The trial court ordered Newman to be incarcerated for civil contempt following his sentence for criminal contempt until "he makes an offer to purge that is acceptable to the Court." Newman's debts were discharged by a bankruptcy court approximately two months before the trial court denied Newman's habeas corpus petition.
On appeal, Newman argues that he is unable to satisfy his court-ordered support obligations, that it is error to hold him in civil contempt, and that therefore, his petition for a writ of habeas corpus should be granted.
When evidence is presented to a trial court in an ore tenus proceeding, the trial court's finding regarding contempt is presumed correct. Pierce v. Helka, 634 So.2d 1031
(Ala.Civ.App. 1994). Civil contempt is intended to coerce or compel compliance with orders of the court. State v. Thomas,550 So.2d 1067 (Ala. 1989). Furthermore, contempt cannot be found if failure to pay obligations is due to lack of means rather than contumacy. Davis v. Davis, 518 So.2d 156
(Ala.Civ.App. 1987). Newman testified regarding two bank accounts in his control with balances totalling less than $200. He further testified that his mother is paying his legal expenses. On cross-examination, Newman could not account for large sums of money he had deposited in and transferred among several foreign banks. Our review of the record, including transcripts from federal court proceedings[1] in which Newman was ultimately convicted of tax evasion, provides information which supports the trial court's determination that Newman has access to sufficient assets to satisfy the support obligations. It is the duty of the trial court to resolve conflicting evidence, and its finding is presumed correct. Watkins v. Montgomery DaysInn, 455 So.2d 23 (Ala.Civ.App. 1984).
Newman contends that his discharge in bankruptcy is sufficient proof of his inability to comply with the support order; however, support obligations imposed pursuant to a divorce judgment are not dischargeable in bankruptcy.11 U.S.C.A. § 523(a)(5). Furthermore, the bankruptcy court and the trial court determined that the support order in the case sub judice is not dischargeable. *Page 896 
We find no error in the trial court's denial of Newman's petition for a writ for habeas corpus; therefore, the trial court's judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
[1] See the related case, Berlin v. Newman, 657 So.2d 890
(Ala.Civ.App. 1994), for additional information. *Page 1120