This is a contempt case.
Frank William Boykin II (husband) and Melanie S. Boykin (wife) were divorced in September 1992. Under the terms of the divorce decree, the wife was awarded custody of the parties' minor child, and the husband was to pay $929 per month as child support and $750 per month as periodic alimony.
In August 1993 the wife filed a petition for rule nisi, wherein she requested that the trial court hold the husband in contempt for failure to comply with the provisions of the divorce decree, including a failure to be current in his child support and alimony obligations. The husband filed an answer and a counterclaim, wherein he alleged that there had been a material change in circumstances due to his becoming unemployed, and he requested that the trial court reduce the amount of his alimony and child support obligations.
In December 1993 the trial court issued an order, wherein it adopted the terms of an agreement reached by the parties. The order provided that the monthly child support obligation would be reduced to $865. The order also provided that the current alimony arrearage owed was $11,500 and that the husband's child support obligation was current. The parties agreed that the husband could satisfy the arrearage by paying a total of $8,000, plus attorney fees and costs, on or before January 15, 1994.
In March 1994 the wife filed another petition for rule nisi, wherein she alleged that the husband had failed to pay the $8,000. The wife requested that the trial court hold the husband in contempt and order that the husband be incarcerated until he paid the $11,500 arrearage in full. The husband filed an answer and a counterclaim, wherein he requested that the trial court limit the number of years that he is obligated to pay alimony to the wife to a five-year period. In his answer to the petition for rule nisi, the husband stated, in pertinent part:
 "The [husband] acknowledges being indebted to the [wife] as the result of a judgment entered by this court on December 10, 1993. The [husband] is without funds to pay the judgment and insofar as the [husband] is concerned, there is nothing further for this court to do with regard to that judgment."
The trial court held a hearing on the petition for rule nisi and issued an order, dated June 13, 1994, wherein it reaffirmed the $11,500 judgment and awarded another judgment of $3,600 for delinquent alimony to the wife. In its order the trial court held the husband in direct contempt of court and stated that the husband could purge himself by complying with all provisions of the divorce decree, including the payment of all judgments for alimony and attorney fees. The trial court's order also provided that in the event that the husband failed, refused, or neglected to purge himself of contempt, the trial court would issue a writ of arrest for the husband.
In July 1994 the wife filed a certificate of non-compliance, wherein she stated that the husband had failed to comply with the trial court's orders, and she requested that the trial court issue a writ of arrest for the husband. The trial court issued a writ of arrest.
The husband filed a motion to withdraw the writ of arrest and to alter or amend the support payments, wherein he alleged that he was unable to comply with the trial court's orders regarding payment of prior judgments of alimony and attorney fees.
The trial court held a hearing on the husband's motion in September 1994. Thereafter, the trial court issued an order, wherein it denied the husband's motion. *Page 666 
The husband appeals. The husband's motion to stay execution of the writ of arrest pending appeal was granted.
The dispositive issue is whether the trial court committed reversible error when it denied the husband's motion to withdraw the writ of arrest.
The husband contends that he is unable to purge himself of contempt due to an inability to pay the prior judgments of alimony and attorney fees.
This court has previously recognized that imprisonment, as a means of coercing payment, may not be imposed when the failure to pay alimony is due to an inability to comply with the order, rather than due to contumacy. Ex parte Talbert, 419 So.2d 240
(Ala.Civ.App. 1982).
Our review of the record reveals the following pertinent facts: The husband is one of three income beneficiaries of a trust, which has a value of a little over $8 million. He receives an income of $5,500 per month or $66,000 per year from the trust. The trust is administered by AmSouth Bank, and there was testimony regarding the provision for invading the trust.
The husband is employed as an airline pilot, and he testified that he makes between $4,000 and $5,000 per month or between $48,000 and $60,000 per year as a pilot. The husband's total income before taxes is between $9,500 and $10,500 per month, or between $114,000 and $126,000 per year.
The husband introduced evidence at the hearing which indicates that his monthly expenditures, including alimony and child support, are $9,282. However, we would note that the husband has several loans with AmSouth Bank, which total approximately $60,000; that most of the loans have been made since 1992; and that approximately one-third of his monthly expenditures are payments on these loans. In addition, AmSouth allowed the husband to borrow $90,000 on a 90-day unsecured note in 1993, which he rolled over into a mortgage for a house for him and his current wife.
There was also evidence introduced at trial that the husband has not paid either state or federal income taxes for 1992, 1993, and 1994, and that the amounts owed for those years total more than $90,000. However, we would note that the husband was not paying on this tax indebtedness at the time of the hearing and that there had been no discussion regarding a plan of repayment.
The wife testified at the hearing that during the 24-month period since the divorce, the husband has made only two alimony payments. While this court would commend the husband for paying the child support ordered by the court in the divorce decree, we would note that the husband has neglected to pay the alimony which that same court ordered him to pay. We would also note that although the husband did not appeal the award of alimony in the divorce decree, he has not met his obligations for alimony under the divorce decree.
The husband now contends that he is unable to pay the alimony ordered by the court. However, it would appear to this court that many of the financial woes of which the husband complains were created by the husband in the years following the divorce.
In addition, there appear to be certain legal procedures regarding the invasion of the $8 million trust that the husband has not adequately pursued. Further, no arrangements appear to have been made to pay certain debts which the husband contends he must pay. Hence, more funds may be available to the husband than he indicated.
The standard of review in a civil contempt case was clarified by this court in Stack v. Stack, 646 So.2d 51, 56
(Ala.Civ.App. 1994), as follows:
 "[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm."
In light of the above, we cannot find that the trial court abused its discretion. Further, we cannot find that the trial court's determination that the husband had the ability to pay was plainly and palpably wrong. *Page 667 
Consequently, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the Judges concur.