661 So.2d 243 (1995)
Josephus SUMMERS
v.
Almeta B. SUMMERS and Lamar Hadden, Sheriff of Houston County, Alabama.
2940286.
Court of Civil Appeals of Alabama.
May 12, 1995.
Ron Storey, Dothan, for Josephus Summers.
Billy Joe Sheffield, Dothan, for Almeta B. Summers.
RICHARD L. HOLMES, Retired Appellate Judge.
Josephus Summers (husband) and Almeta B. Summers (wife) were divorced in September 1990. The husband was ordered to pay to the wife periodic alimony in the amount of $750 per month.
In September 1993 the wife filed a motion for contempt, wherein she alleged that the husband had failed, or refused, to pay periodic alimony as ordered in the divorce decree and that the current arrearage totalled $19,120.05. After a hearing the trial court issued an order, wherein it entered a judgment in *244 favor of the wife in the amount of $19,120.05, plus costs, and also awarded $400.00 in attorney fees to the wife's attorney. The order also provided that the husband was to be arrested by the Sheriff of Houston County, Alabama, and kept in custody until he purged himself of contempt by paying the full arrearage. However, it appears from our review of the record that the husband was not arrested and incarcerated at that time.
In July 1994 the husband filed a petition for modification, wherein he alleged that a material change in circumstances had occurred and that the trial court should enter an order terminating his obligation to pay periodic alimony to the wife. The alleged material change in circumstances was the wife's cohabitation with a member of the opposite sex.
The wife filed an answer to the petition for modification and a counterclaim for contempt. After a hearing on August 29, 1994, the trial court issued an order, dated August 31, 1994, which dismissed the husband's petition for modification and scheduled a hearing on the wife's counterclaim. The husband was arrested and incarcerated on August 29, 1994.
The husband filed an answer to the counterclaim for contempt and a motion for relief under Rule 60(b)(4), Ala.R.Civ.P. The husband also filed a motion to set aside the order of August 31, 1994.
After a hearing the trial court issued an order dated September 8, 1994, wherein it entered a judgment for the wife in the amount of $22,976.69, plus costs, and $400.00 in attorney fees. The trial court found that the husband's failure to pay alimony was due to contumacy and ordered that the husband was to remain incarcerated until he paid the full amount of the arrearage. The trial court also denied the husband's motion to set aside and his motion for relief under Rule 60(b).
On October 21, 1994, the husband filed a petition for a writ of habeas corpus, wherein he alleged that he was financially unable to purge himself of contempt and was entitled to be discharged from custody. After a hearing on November 29, 1994, the trial court issued an order, finding that the husband's incarceration was lawful and that he was not entitled to be released from jail.
The husband filed a motion for a new trial, which was denied. The husband filed a petition for a stay of the trial court's order and release from jail, pending appeal, which was denied.
The husband appeals. On February 21, 1995, this court granted the husband's motion for release from imprisonment, pending appeal.
The dispositive issue is whether the trial court committed reversible error when it denied the husband's petition for a writ of habeas corpus.
The husband contends that he is entitled to be released from incarceration due to his present inability to pay $22,976.69 in order to purge himself of contempt.
This court has previously recognized that imprisonment, as a means of coercing payment, may not be imposed when the failure to pay alimony is due to a present inability to comply with the order, rather than due to contumacy. Ex parte Talbert, 419 So.2d 240 (Ala.Civ.App.1982).
Our review of the record reveals the following pertinent facts: The husband, who had been incarcerated since August 29, 1994, testified at the November 29, 1994, hearing on his petition for a writ of habeas corpus.
The husband's testimony revealed the following: He has a 90% disability and receives $1,500 per month in VA disability benefits and $600 per month in Social Security disability benefits. The disability income, which totals $2,100 per month, is his only income. His living expenses, according to the husband, total approximately $2,000 per month.
The husband testified that he has only one bank account and that the current balance in that account is approximately $30. He further testified that he does not own any real estate and that his only assets were a 1975 Chevrolet truck, which is worth approximately $400, and a boat, which is worth approximately $2,000.
The husband presented evidence that he is unable to pay the arrearage. The burden *245 shifted to the wife to prove beyond a reasonable doubt that the husband has the ability to pay the ordered amount. Morgan v. Morgan, 582 So.2d 1147 (Ala.Civ.App.1991).
The wife failed to present any evidence to demonstrate that the husband has the financial means available to allow him to purge himself of contempt. Consequently, the wife failed to meet her burden of proof, and the order of contempt must be set aside. Morgan, 582 So.2d 1147.
In view of the above, the order of the trial court requiring the husband to remain incarcerated until he pays the $22,976.69 in arrearage is reversed and this cause is remanded to the trial court for proceedings consistent with this opinion.
The wife's request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in part and dissents in part.
THIGPEN, Judge, concurring in part and dissenting in part.
I must respectfully dissent from that portion of the majority opinion requiring that the order of contempt be set aside. Although the husband was ordered incarcerated on a finding of contempt entered in November 1993, apparently, he was not actually incarcerated on that order until late August 1994. Subsequently, another claim for contempt was filed by the wife, and in September 1994, the trial court again found the husband to be in contempt. Neither order finding the husband to be in contempt was appealed.
After the appeal time of the second contempt order had lapsed, the husband filed a petition for a writ of habeas corpus, alleging that he was "unable financially to purge himself of contempt ... and is therefore entitled to be discharged from custody." It is the denial of his petition for a writ of habeas corpus, not the validity of the unappealed orders of contempt, that is now on appeal. The husband has not, at any time, challenged the validity of the contempt orders, and he acknowledges in brief that one may be guilty of contempt, yet not imprisoned to coerce payment, if there is not a present ability to pay.
It is my opinion that it is unnecessary for this court to determine whether the husband was in contempt. The proper issue for appeal is whether the trial court erred in denying the husband's petition for a writ of habeas corpus. I agree with the majority that the husband lacked the present ability to purge himself from contempt, and, therefore, indefinite imprisonment is improper. "Although one may be guilty of contempt, ... imprisonment, as a means of coercing payment, may not be imposed if there is shown a present inability to pay." Ex parte Talbert, 419 So.2d 240, 241 (Ala.Civ.App.1982). The trial court erred when it denied the husband's petition for a writ of habeas corpus. Talbert, 419 So.2d 240; Pritchett v. State, 379 So.2d 616 (Ala.Civ.App.1980); Muery v. Muery, 46 Ala.App. 617, 247 So.2d 123 (Ala. Civ.App.1971); Ex parte Gunnels, 25 Ala. App. 577, 151 So. 605 (1933). Accordingly, I would reverse and remand on the matter of the habeas corpus petition only, without addressing whether the contempt orders were proper.