I must respectfully dissent from that portion of the majority opinion requiring that the order of contempt be set aside. Although the husband was ordered incarcerated on a finding of contempt entered in November 1993, apparently, he was not actually incarcerated on that order until late August 1994. Subsequently, another claim for contempt was filed by the wife, and in September 1994, the trial court again found the husband to be in contempt. Neither order finding the husband to be in contempt was appealed.
After the appeal time of the second contempt order had lapsed, the husband filed a petition for a writ of habeas corpus, alleging that he was "unable financially to purge himself of contempt . . . and is therefore entitled to be discharged from custody." It is the denial of his petition for a writ of habeas corpus, not the validity of the unappealed orders of contempt, that is now on appeal. The husband has not, at any time, challenged the validity of the contempt orders, and he acknowledges in brief that one may be guilty of contempt, yet not imprisoned to coerce payment, if there is not a present ability to pay.
It is my opinion that it is unnecessary for this court to determine whether the husband was in contempt. The proper issue for appeal is whether the trial court erred in denying the husband's petition for a writ of habeas corpus. I agree with the majority that the husband lacked the present ability to purge himself from contempt. and, therefore, indefinite imprisonment is improper. "Although one may be guilty of contempt, . . . imprisonment, as a means of coercing payment, may not be imposed if there is shown a present inability to pay." Ex parte Talbert, 419 So.2d 240, 241 (Ala.Civ.App. 1982). The trial court erred when it denied the husband's petition for a writ of habeas corpus. Talbert, 419 So.2d 240;Pritchett v. State, 379 So.2d 616 (Ala.Civ.App. 1980); Mueryv. Muery, 46 Ala. App. 617, 247 So.2d 123 (Ala.Civ.App. 1971);Ex parte Gunnels, 25 Ala. App. 577, 151 So. 605 (1933). Accordingly, I would reverse and remand on the matter of the habeas corpus petition only, without addressing whether the contempt orders were proper.