675 So.2d 892 (1996)
Thomas SAVAGE
v.
Jennifer INGRAM.
2941142.
Court of Civil Appeals of Alabama.
February 23, 1996.
*893 Howard Belser, Jr., Decatur, for Appellant.
No brief filed for appellee.
CRAWLEY, Judge.
In July 1994, the trial court issued an order finding Thomas Savage in contempt of court for willful failure to pay court-ordered child support obligations. A year later, the trial court entered an order of arrest placing Savage in jail until such time as he paid $8,781.08 in child support obligation arrearages and $1,248.75 in attorney fees. Following his incarceration, Savage filed a writ of habeas corpus with the trial court, alleging that he should be released from jail because, he claimed, he was unable to pay the ordered support. After a hearing, the trial court denied the writ. Savage was released from jail after posting an appeal bond. Savage then perfected his appeal to this court. See Ala.Code 1975, § 12-22-90; Rule 22, Ala. R.App.P.
Since July 1994, contempts arising in civil cases have been governed by Rule 70A, Ala. R.Civ.P. "Civil contempt" is defined as a willful, continuing failure or refusal of any person to comply with a court's lawful order that by its nature is still capable of being complied with. See Rule 70A(a)(2)(D), Ala. R.Civ.P. A court may order an individual incarcerated until such time as the contemnor is able to purge himself of the contempt by complying with the court's order. See Rule 70A(e)(2), Ala.R.Civ.P.
Since Savage was incarcerated one year following the contempt adjudication, his only remedy was a writ of habeas corpus. The 42 days for appeal from the original contempt proceeding provided for by Rule 70A(g), Ala. R.Civ.P., had expired. The record on appeal contains only a transcript of the habeas corpus proceeding. Also, in his notice of appeal, Savage references the trial court's August 18, 1995, order which denied Savage's petition for writ of habeas corpus. Therefore, we review the denial of Savage's petition for writ of habeas corpus. See Summers v. Summers, 661 So.2d 243 (Ala.Civ.App.1995) (Thigpen, J., concurring in part and dissenting in part); Newman v. Sexton, 657 So.2d 894 (Ala.Civ.App.1994).
Savage was incarcerated for failing to comply with the court-ordered support obligation. Savage contends that he failed to *894 comply with the court order because, he says, he was unable to pay. "When a parent is ordered to pay child support and fails to do so, a lack of ability to pay a delinquent amount is a complete defense to a civil contempt proceeding regarding the delinquent child support." Carr v. Broyles, 652 So.2d 299, 301 (Ala.Civ.App.1994). If a parent who has been ordered to pay support presents evidence that he is unable to pay the support obligation, the burden shifts to the parent to whom the child support is owed to prove beyond a reasonable doubt that the obligated parent is financially able to pay the amount of child support ordered. Ex parte Hulsey, 536 So.2d 75, 77 (Ala.Civ.App.1988).
"The law in Alabama is well settled that imprisonment for contempt should never be imposed by a judge where the failure to pay ..., is not from contumacy, but from inability to comply with the order." Ex parte Talbert, 419 So.2d 240, 241 (Ala.Civ. App.1982). See also Boykin v. Boykin, 659 So.2d 664 (Ala.Civ.App.1995). Incarceration on a finding of civil contempt is a sanction coercive in nature and is designed to compel compliance with the court's order. State v. Thomas, 550 So.2d 1067, 1073 (Ala.1989). When the punishment no longer has any coercive effect, it becomes impossible to enforce. Id. "Because it is impossible to coerce that which is beyond a person's power to perform, once the confinement ceases to have any coercive impact, continued imprisonment for civil contempt constitutes a violation of due process." Id. Therefore, although one may be guilty of contempt for failing to comply with a court's order imposing a child support obligation, "imprisonment as a means of coercing payment, may not be imposed if there is shown a present inability to pay." Ex parte Talbert, 419 So.2d at 241 (emphasis added).
At the hearing on his habeas corpus petition, Savage testified that he had no job because he had been fired when he was incarcerated and that his only property was a mobile home. Savage's testimony indicates that he has a present inability to comply with the court order. Therefore, incarceration no longer has a coercive effect and cannot be imposed. Accordingly, the order is reversed and the case is remanded with directions that the trial court grant the relief requested because Savage does not have the present ability to comply with the court's order.[1]See Ex parte Talbert, supra.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES, J., concurs in the result.
THIGPEN, J., concurs in the result only.
ROBERTSON, P.J., and MONROE, J., dissent.
THIGPEN, Judge, concurring in the result only.
I concur that the trial court erred in denying Savage's petition for a writ of habeas corpus, and that this case must be reversed. I note, however, that this case, like Summers v. Summers, 661 So.2d 243 (Ala.Civ.App. 1995), concerns only the denial of a petition for habeas corpus, not the finding of contempt. Therefore, it is my opinion that the majority's analysis regarding contempt is unnecessary to reach a decision in this case. The record indicates that Savage cannot comply while he is imprisoned simply because he has no assets and cannot maintain employment while imprisoned. Savage did not appeal the contempt ruling, and the only issue properly presented on appeal is whether incarceration can be imposed to coerce his compliance. See my special writing in Summers, supra.
NOTES
[1] We note that Savage's release from jail pending appeal does not moot the case before us. If we dismissed his appeal or we determined that the trial court did not err in denying Savage's petition for writ of habeas corpus, Savage would be ordered to return to jail. Thus, Savage's request for relief is still viable.