In October 1999, the Autauga County District Court found Bryant Keith Taylor in civil contempt for failure to pay child support. The district court ordered Taylor incarcerated until he paid $5,500. No testimony was taken at the hearing at which Taylor was found to be in contempt; however, at that hearing, he stated to the court that he could not raise the $5,500. Taylor did not appeal from the judgment of contempt; therefore, we do not reach the correctness of that judgment on this appeal. However, Taylor petitioned the circuit court for a writ of habeas corpus. After holding a hearing, at which the evidence revealed that Taylor had no assets with which to pay the $5,500, the circuit court denied his petition. Taylor appeals. We reverse.
"Imprisonment for contempt should never be imposed by a judge where failure to pay [court-ordered support] is not from contumacy, but from inability to comply with the order." Ex parteTalbert, 419 So.2d 240, 241 (Ala.Civ.App. 1982). Taylor's testimony supported his claim that he is unable to pay the $5,500 amount set by the district court. He testified that he owns no real estate, that he owns no automobile, and that he has no savings in a bank. He also stated that the last time he applied for a loan, which had been approximately two years before, he was denied the loan because of bad credit. No one presented testimony indicating that he had the ability to pay the $5,500 required by the district court.
 "Because incarceration on a finding of civil contempt is a sanction coercive in nature and is designed to compel compliance with the court's orders, when the punishment can no longer have any coercive effect it becomes punitive and may no longer be imposed. Because it is impossible to coerce that which is beyond a person's power to perform, once the confinement ceases to have any coercive impact, continued imprisonment for civil contempt constitutes a violation of due process."
State v. Thomas, 550 So.2d 1067, 1073 (Ala. 1989) (citations omitted).
Because Taylor proved that he lacks the present ability to purge himself of contempt, his continued confinement cannot coerce his compliance with the district court's order. His continued confinement, then, is a denial of due process. Id.
Therefore, the circuit court erred by denying Taylor's petition for a writ of habeas corpus. The judgment of the circuit court *Page 1283 
is reversed and the cause is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.