MURDOCK, Judge,
concurring in the result in part and dissenting in part.
I agree with the majority that T.L.D. was not required to specifically request an award of postjudgment interest in her complaint and that the trial court erred when it failed to award simple interest on C.G.’s past due child-support obligation. The issue of pleading and the issue of raising a claim and properly preserving it for appeal, however, are not necessarily the same. I therefore believe the majority is incorrect in its view that this court should overrule the nine cases it cites as standing for the proposition that a party must “properly request” postjudgment interest at the trial-court level. I reach this judgment after reviewing each of these nine cases, as well as other cases, and concluding that the above-quoted phrase is merely a manifestation, in the context of a claim for child support, of the more general rule that an appellate court will not hold a trial court in error based on an issue not raised below. See, e.g., Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
Just as our law requires in a proper case that a court award interest on a past-due child-support obligation, our law a fortiori requires in an appropriate case that a trial court award child support itself. Yet, even as to child support, itself, I know of no case in which a trial court’s judgment has been reversed because it failed to make an appropriate award when child support was not requested at the trial-court level. See Somers v. McCoy, 777 So.2d 141, 143 (Ala.Civ.App.2000) (rejecting a claim for post-minority child support on the ground that “[tjhis court may not consider an issue raised for the first time on appeal.... This court’s review is restricted to those arguments considered by the trial court.”); Davenport v. Hood, 814 So.2d 268, 270 n. 1 (Ala.Civ.App.2000), writ quashed, 814 So.2d 277 (Ala.2001). Similarly, it remains the responsibility of an aggrieved party to raise to the trial court the issue of post-judgment interest and give the trial court an opportunity to rule on that issue.
Further, I do not think it necessary for this court to reach the foregoing issue in the present case, and I would reverse the judgment of the trial court without doing so. T.L.D. requested in her complaint that the trial court “fix the current arrear-age and enter a judgment therefore [sic] ... and ... enter such other, further, and different relief as may be meet and proper.” The trial court indicated that interest had been put at issue when it acknowledged that interest was due on the child-support arrearage and that it had consult *208 ed documents provided by T.L.D. which reflected an interest calculation.[2] This ease therefore appears to be no differently postured than the nine cases that the majority would overrule, each of which involved a request for interest either before or at trial or in a postjudgment motion.
In regard to that portion of the majority’s opinion pertaining to the trial court’s contempt determination, I first note that Rule 32(B)(5), Ala. R. Jud. Admin., does state, in pertinent part:
“If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income the parent would otherwise have and shall impute to that parent that income.”
(Emphasis added.)[3] Rule 32, however, provides guidelines for the “establishment and modification” of future child-support payments. See Rule 32(A), Ala. R. Jud. Admin. It does not address the possible imputation of income for purposes of calculating past-due child-support obligations or arrearages, or, more specifically, for guiding trial courts in their consideration of contempt issues relating to past-due child-support obligations.[4]
I have located no authority to support a rigid requirement that a trial court must impute income to a voluntarily unemployed or underemployed party for purposes of a contempt determination. Generally, determinations relating to whether a party should be held in civil contempt are committed to the “sound discretion” of the trial court to enable the trial court, as it sees fit, to protect its authority and dignity and to effectuate compliance with its orders and judgments. See Rule 70A(a)(2), Ala. R. Civ. P.; Fludd v. Gibbs, 817 So.2d 711 (Ala.Civ.App.2001); Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.1994); Uhls v. Uhls, 551 So.2d 1065 (Ala.Civ.App.1989).
Also, while I agree with the majority that a contemnor must be provided with a means of purging himself of contempt, C.G. has not appealed; he has not asked us to hold the trial court in error for not providing him with a means of purging himself of contempt. Further, if a trial court has the discretion to determine whether to even hold a party in contempt, it is only logical that it has the discretion to take the lesser action of holding a party in contempt but abating the imposition of a penalty for that contempt. I am not prepared to hold that a trial court that determines a party is in contempt must ipso facto impose any particular sanctions for that contempt. As noted, the purpose of a civil contempt proceeding is for the court, as it sees fit, to protect its dignity and *209 authority and to ensure compliance with its orders. Just as whether to hold a party in contempt is in a trial court’s sound discretion, it is within the trial court’s discretion to impose or to refuse to impose sanctions.
Having said the foregoing, I emphasize that in a given case a trial court might abuse its discretion by not finding a party in contempt or by not imposing a sanction based upon such a finding of contempt. This is particularly so where the purpose of the contempt proceeding is to coerce payment of obligations owed by one party to another. I am simply not persuaded at this juncture that this is such a case.
I am in agreement with the majority that, insofar as the trial court’s contempt determination is concerned, there is some confusion in the present case as to what the court intended. I therefore agree that this cause should be remanded for the trial court to clarify whether it intended to hold the father in contempt (and whether it intended to impose sanctions). I also agree that the trial court must modify its judgment to include simple interest on C.G.’s past-due child-support obligation. I cannot concur in the remainder of the majority’s instructions, however.

.When T.L.D. began to question C.G. about his child-support obligations, the trial court stated, "Let's move on. I have the accounts record.” Thereafter, at the close of T.L.D.'s testimony, she offered her payment records into evidence; they were apparently admitted by the trial court. However, the record on appeal does not contain as an exhibit T.L.D.'s payment records. I note that the record contains what appears to be a payment history prepared by the T.L.D.'s counsel and that some of the dollar figures in that payment history correspond with the principal and interest figures the trial court mentioned when it was discussing C.G.'s child-support arrear-age and the interest that had allegedly accrued thereon.

. I also note, however, that a court may deviate from the Rule 32 guidelines based upon appropriate written findings "that the application of the guidelines would be unjust or inappropriate” and that otherwise meet the criteria described in Rule 32(A), Ala. R. Jud. Admin.

. The issue whether the trial court should have imputed income to C.G. for purposes of calculating his future child-support obligation is not before us. Also, the CS-42 form the trial court completed and the trial court’s judgment both reflect that the trial court did impute income to C.G. when it increased his monthly child-support obligation from $176 to $237.