MURDOCK, Judge,
dissenting.
As indicated by some of the cases cited in the majority’s no-opinion affirmance, the general purpose of a finding of contempt is to procure prompt compliance with court orders and judgments, Parcus v. Parcus, 615 So.2d 75 (Ala.Civ.App.1992), and the inability to pay court-ordered support payments is a complete defense to a finding of contempt. Watts v. Watts, 706 So.2d 749 (Ala.Civ.App.1997); Hill v. Hill, 562 So.2d 255 (Ala.Civ.App.1990). Moreover, if a husband can present evidence that his failure to pay is not due to contumacy, but due to an inability to pay the arrearage, the burden then shifts to the wife to prove beyond a reasonable doubt that the husband has the ability to pay the ordered amount. Summers v. Summers, 661 So.2d 243 (Ala.Civ.App.1995); Morgan v. Morgan, 582 So.2d 1147, 1149 (Ala.Civ.App. 1991); and Sewell v. Butler, 375 So.2d 800, 801-02 (Ala.Civ.App.1979). Based on my review of the testimony presented, I must conclude that the wife did not present sufficient evidence in this case to justify a conclusion on the part of the trial court that this standard was met and that the husband should be incarcerated. I therefore respectfully dissent.